SCHWEGMAN *v.* NEFF ET AL.

[No. 27,473.   Filed December 2, 1940.   Rehearing denied January 7, 1941.]

*Appleman & Mark* and *Richard L. Ewbank,* all of Indianapolis, for appellant.

*Arthur J. Iles,* of Indianapolis, for appellees.

SHAKE, J.—This action was brought by the appellee Hattie Neff, as administratrix of the estate of Mary Ellis Davidson, deceased, as plaintiff, against the appellant, Frank Schwegman, and others, as defendants, for the cancellation of certain preferred stock certificates standing in the name of Schwegman on the books of a corporation, and to have said stock reissued and delivered to her, together with the accumulated dividends thereon. The complaint proceeded upon the theory that the plaintiff's decedent was induced by fraudulent representations on the part of Thomas Bence, Olive A. Day, as agent for the defendant, and

others to endorse and deliver said stock certificates to said Bence without any consideration whatever, and that said stock thereafter came into the possession of Schwegman by mesne transfers, with full knowledge on his part of the plaintiff's claim thereto. The facts were found specially and upon these the trial court stated two conclusions of law and rendered judgment in favor of the plaintiff below. There was no motion for a new trial, and the only errors assigned relate to the conclusions. It may be observed that the second conclusion related only to the payment of the dividends and that it was proper if the first was correct.

From the special findings it appears that the plain‑ tiff's decedent owned the stock described in the com‑ plaint prior to November 25, 1932; that she duly assigned it to said Bence; and that it was afterwards acquired by the defendant Schwegman. Schwegman sold and assigned the certificates therefor by endorse‑ ment to one McBride, but when McBride presented them to the registrar and transfer agent of the cor‑ poration, it refused to transfer them to him because it had notice of a pending action brought by the decedent against Schwegman for the replevin of the stock. Schwegman likewise had notice of said pending action and that the decedent claimed title to said stock, but the writ issued in said action of replevin was returned "no such property found." McBride thereafter brought suit against the corporation and its registrar and trans‑ fer agent to mandate them to transfer the stock to him. This action resulted in a judgment against McBride. Schwegman subsequently repurchased the stock from McBride and took from him a separate assignment thereof, after entry of the judgment against McBride in the mandate action and with notice of the plaintiff's claim to the stock. The plaintiff below, without knowl‑

edge of said assignment from McBride to Schwegman, then brought suit for replevin against McBride for the stock and certificates and obtained a judgment to the effect that she was entitled to said property.

The findings of fact are wholly silent as to the circumstances under which Bence obtained said stock, the only finding remotely relating to that subject being that "on the 25th day of November 1932, plaintiff's decedent delivered said certificate No. 45 to one, Thomas Bence, duly endorsed by her, on the back thereof, in blank." There were no findings of fraud, lack or failure of consideration, or other facts or circumstances to support a conclusion that the decedent owned or retained any right to or equity in the stock after the certificate therefor was endorsed by her and delivered to Bence. Indeed, the inference to be drawn from the finding just quoted might be that Bence was a bona fide holder.

The trial court's findings that Olive Day acted as agent for Schwegman in all of the transactions pertaining to said stock from and after Schwegman sold the same to McBride; that as such agent she was fully aware of the claims of the plaintiff and the plaintiff's decedent to the shares and certificates when Schwegman repurchased the same from McBride and when McBride assigned them to Schwegman; and that Schwegman had knowledge and notice of the plaintiff's said claims to said stock when he last acquired it from McBride are insufficient to sustain the court's first conclusion of law, to the effect that the plaintiff was the sole owner thereof and that Schwegman had no interest therein. It does not avail the plaintiff that Schwegman had notice that she claimed the stock, in the absence of a finding that her claim was well founded. Notice to one acquiring property that another claims it is of no consequence unless such prior claim is ulti-

mately established. The maxim that one who seeks to recover property must prevail upon the strength of his own title and not on the weakness of his adversary's, is applicable to this situation. "Where fraud is essential to the existence of a cause of action, it must be found and stated in the special finding as a substantive fact or the plaintiff will suffer defeat." *Wilson* v. *Campbell* (1889), 119 Ind. 286, 290, 21 N. E. 893.

Nor can the plaintiff's judgment in replevin against McBride, entered after Schwegman acquired the stock in an action to which he was not a party, be considered as an adjudication against Schwegman. It is a fundamental rule of the doctrine of *res judicata* that "to constitute a judgment an estoppel there must be a substantial identity of parties as well as of the subject matter; that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action." 34 C. J., Judgments, § 1405. This is necessary to the end that the constitutional guaranty that no man shall be deprived of his property except by due process of law shall be preserved.

The conclusion of law that: "Plaintiff is the sole owner of said shares of stock in said corporation and that none of the defendants McBride, Schwegman or Day have any interest therein and plaintiff is entitled to a new certificate of stock representing such shares" therefore stands unsupported by any of the facts found as they relate to the appellant.

The judgment is reversed, with directions to the trial court to restate its conclusions of law in conformity with this opinion and to enter judgment accordingly.

NOTE.—Reported in 29 N. E. (2d) 985.