ROLL ET AL. *v.* ROLL ET AL.

[No. 19,083. Filed December 19, 1957. Rehearing denied January 24, 1958. Transfer denied March 24, 1958.]

*Walter Nowicki, Edward J. Raskosky* and *George Kohl,* all of Hammond, for appellants.

*Raymond Ruff* and *Martin A. Karr,* of East Chicago, for appellee Helen Roll.

*Joseph E. Tinkham, William Travis* and *Travis, Tinkham & Singleton,* of counsel, of Hammond, for appellee Inland Steel Company.

CRUMPACKER, J.—On October 18, 1956, one J. L. Roll, an employee of Inland Steel Company at East Chicago, Indiana, died of injuries caused by an accident arising out of and in the course of his said employment. At the time of his death he was living with one Lucy Roll who claims she was then his common

law wife and had been such since October 10, 1955. Lucy Roll had formerly been married to one Maurice Marshall by whom she had three children, Charles, Phyllis and John Marshall, all minors and, together with their mother Lucy, were all living with the said J. L. Roll at the time of his death. At that time J. L. Roll had a minor daughter, Jeannine Elizabeth Roll, born December 4, 1950, whom, although living with his divorced wife, Helen Roll, he was under legal obligation to support.

Lucy Roll, as the natural guardian of the Marshall children, and Helen Roll, as the natural guardian of Jeannine Roll, each filed separate claims for adjusted compensation with the Industrial Board of Indiana, each contending her respective offspring were wholly dependent for support on the said J. L. Roll at the time of his death. It appears from the record that after the death of J. L. Roll his ex-wife Helen was appointed administratrix of his estate by the Lake Superior Court, whereupon Lucy Roll filed a petition to remove her as such. In due course said petition came on for a hearing as the result of which the court entered the following order:

"Comes now Helen J. Roll, Administratrix herein, in person and by her attorney, Raymond Ruff, and Lucy Roll, petitioner, in person and by her attorneys, Nowicki, Raskosky & Kohl; and the petition filed heretofore on the 26th day of October, 1956, by Lucy Roll, is' now submitted to the court; Administratrix now moves for a finding that said petition be denied, which motion is now by the court overruled; And the court now being duly advised in the premises and having heard all the evidence, said petition for removal is now by the court sustained; And the court now finds that Helen. J. Roll, is the divorced ex-wife of said decedent and not next of kin and is therefore not qualified to act as such Administratrix; And the court further finds that said Lucy Roll is the wife of J. L. Roll, deceased; And the court further

orders Helen J. Roll to file her Final Report as Administratrix, of her doings herein; To which ruling of the court the said Helen J. Roll files exceptions.

"It is therefore ordered, considered, adjudged and decreed by the court that Helen J. Roll is the divorced ex-wife of said decedent and not next of kin and is therefore not qualified to act as such Administratrix; And the court further finds that Lucy Roll is the wife of said J. L. Roll, decedent herein; And the court now further orders that Helen J. Roll file herein her Final Report showing her doings as Administratrix."

Lucy Roll attached a certified copy of the above order to her application for compensation but upon motion of the appellee Inland Steel Company it was stricken from the pleading by the hearing member of the Industrial Board who subsequently admitted it in evidence as "Exhibit E." The two applications were consolidated and tried together with the appellee Inland Steel Company admitting liability but awaiting the Board's decision as to the amount of compensation and to whom it should be paid. When the matter reached the Full Board, "Exhibit E," upon motion of Inland Steel Company, was stricken from the record and, after a consideration of the remaining evidence in the case, the Full Board found "that on the date of his accidental injury and death J. L. Roll was unmarried and no marital relationship whatever existed between the decedent J. L. Roll and plaintiff Lucy Roll," and "that the minor children of said Lucy Roll, namely, Charles LaVern Marshall, Phyllis Allen Marshall and John Wayne Marshall, were not dependent upon decedent J. L. Roll at the time of said accidental injury and death." The Full Board further found that Jeannine Roll, the decedent's daughter by his ex-wife Helen, "was wholly dependent upon him for support on the date of his death and was the sole and only de-

pendent, there being no other persons neither wholly or partially dependent upon J. L. Roll at the time of his death." The award, entered upon the above findings, denied the appellant Lucy Roll relief as guardian of the Marshall children and granted to Jeannine Elizabeth Roll $33.00 per week for a period of 350 weeks payable to Helen Roll as the natural guardian of said dependent.

The appellant Lucy Roll claims no compensation for herself as she admits her marriage at common law to J. L. Roll had not existed for a period of five years before his death. See §40-1403a (a), Burns' 1952 Replacement. She charges error in the award, however, in behalf of the Marshall children in two respects. First, she says her marital status as the widow of J. L. Roll was fully and finally adjudicated by the Lake Superior Court as evidenced by "Exhibit E" and it was therefore error to strike said exhibit from the record as an item of evidence. Second, she contends that the evidence of her marriage to J. L. Roll is all one way and compels reasonable men to conclude that she was his common law wife at the time of his death and therefore her children were his step-children and conclusively presumed to be wholly dependent upon him for support. See §40-1403a, Burns' 1952 Replacement.

Taking these questions up in the order of their presentation we first inquire as to the binding effect, under the established rules of *res adjudicata,* of the decree of the Lake Superior Court, heretofore set out in full, and wherein the court found "that Lucy Roll is the wife of said J. L. Roll, decased."

The appellant's position in respect to this question is predicated largely upon the following comment found in Restatement of the Law of Judgments at pages 335 and 336:

"Where in a proceeding for the creation or termination or judicial determination of a status a competent court has after proper notice given a valid and final judgment, the judgment is binding on all persons in the world as to the existence of the status. The judgment is not subject to collateral attack by anyone, unless the judgment was void because the court did not have jurisdiction over the status or was not competent to render the judgment or there was a failure to give proper notice and opportunity to be heard. As far as the status is concerned, the judgment is binding not only on persons who are subject to the jurisdiction of the court which rendered the judgment, but also on persons not personally subject to the jurisdiction of the court."

We must concede that if the point at issue in the probate matter before the Lake Superior Court was the marriage status of Lucy Roll in relation to the decedent J. L. Roll, a judgment determining that issue by that court was an adjudication *in rem* and binding on the appellee herein and the Industrial Board as well. All we have to enable us to determine the issues in the probate matter is the decree entered by the court which we have heretofore set out. It indicates quite clearly that the proceeding upon which it was based was a petition brought by Lucy Roll for the primary purpose of removing Helen Roll as administratrix of the estate of J. L. Roll, deceased, which petition was sustained and a judgment entered that said Helen Roll "is the divorced ex-wife of said decedent and not next of kin and is therefore not qualified to act as such administratrix."

It is true that the court found in said decree that "Lucy Roll is the wife of said J. L. Roll, deceased," but we have no way of knowing, in the absence of the pleadings in the proceeding, whether such finding was within the issues presented to the court for determination. It is the rule in Indiana that

in determining the conclusiveness of a judgment the matter in issue in the trial wherein it was rendered must be ascertained by an examination of the pleadings and judgment. *Angola State Bank* v. *State ex rel. Sanders* (1944), 222 Ind. 244, 52 N. E. 2d 620. That we are unable to do by reason of the absence of such pleadings. "Where a judgment is relied on as an estoppel, as an adjudication on the subject matter, or as establishing any particular state of facts of which it is the judicial result, it can be proved only by offering in evidence a complete record or a duly authenticated copy of the entire proceedings in which the judgment was rendered; . . . ." 32 C. J. S., Evidence, §647b, and cases cited.

The appellant contends, nevertheless, that "Exhibit E," if not conclusive as a bar or estoppel, was admissible as an item of evidence persuasive of the facts it adjudicates. There is respectable authority to that effect. See 50 C. J. S., Judgments, §839. The difficulty in applying such rule to the present situation lies in the fact that nowhere in "Exhibit E" does it appear that the court entered judgment on its finding that "Lucy Roll is the wife of said J. L. Roll, deceased." The situation is analogous to a jury's verdict upon which no judgment has been entered. The rule is that: "A verdict is not evidence without showing a judgment upon it, because it cannot appear but that the verdict has been set aside or the judgment arrested, and that without the judgment the verdict is not evidence of the facts found by it, . . . ." 32 C. J. S., Evidence, §647b. It is our considered opinion that the Industrial Board committed no error in striking "Exhibit E" from the record.

Without "Exhibit E" what evidence is there that the appellant was the common law wife of J. L. Roll when

he died? We have searched the record and find none except the uncorroborated testimony of the appellant herself which, if accepted by the Board, is amply sufficient to sustain her contention. Tending to discredit her testimony, however, is the fact that ten months after she claims she and Roll entered into a marriage contract she went to work and registered with her employer as Lucy Marshall and continued to work under that name until J. L. Roll's death. It further appears that she did not have her social security card changed from Lucy Marshall to Lucy Roll until four months after J. L. Roll died. These incidents may have convinced the Industrial Board that the idea of a common law marriage to J. L. Roll came to the appellant after his death. However that may be the evidence on the subject is not all in the appellant's favor nor is it of such a nature as to compel a conclusion contrary to that reached by the Industrial Board. That being the situation we are powerless to disturb the Board's award.

Award affirmed.

### ON PETITION FOR REHEARING

CRUMPACKER, J.—Upon consideration of the appellants' petition for a rehearing we have concluded to withdraw our holding that "Exhibit E" was inadmissible as evidence because it shows no judgment upon the finding that "Lucy Roll is the wife of said J. L. Roll, deceased," and substitute the following:

When a judgment is offered not merely as evidence of its own existence but as proof of some fact or facts upon the supposed existence of which the judgment was founded, the general rule is that it is not binding upon anyone except the parties thereto, those who might legally have become parties and those in privity with them. *Lasher, Administratrix*

v. *Gerlach* (1940), 107 Ind. App. 572, 23 N. E. 2d 296. It must be borne in mind that the appellant is seeking to compel the appellee Inland Steel Company to pay her compensation, as the natural guardian of and for the benefit of the alleged step-children of J. L. Roll, deceased, claimed to be his dependents at the time of his death. While said appellee does not deny liability for the death of said J. L. Roll it does not admit that compensation for said death is owing to the appellant's wards. In fact it objected to proof of that issue through a consideration of "Exhibit E" which, as the sole defendant in these proceedings, it had the right to do. It was not a party to the proceedings culminating in the judgment of which "Exhibit E" is a certified copy nor might it have legally become a party thereto nor is it in privity with those who were parties to those proceedings or might have become so. It is our considered opinion that the Industrial Board committed no error in striking "Exhibit E" from the record.

Petition for rehearing overruled.

NOTE.—Reported in 146 N. E. 2d 553.
Rehearing denied 147 N. E. 2d 557.