## MARTINAL ET AL. v. LAKE O' THE WOODS CLUB, INC.

[No. 20,068. Filed July 12, 1965. Rehearing denied September 16, 1965. Transfer denied February 14, 1967. Reconsideration of Petition to Transfer denied March 2, 1967.]

*Owen W. Crumpacker, Harold Abrahamson,* and *Crumpacker, Burbach & Abrahamson,* all of Hammond, and *Bowen, Myers, Northam & Givan,* of Indianapolis, all for appellants.

*Philip M. Cagen,* of Valparaiso, for appellee.

CARSON, J.—Appellee, plaintiff below, a not for profit corporation brought this action in two paragraphs the first of which was for a permanent injunction and the second for damages.

Appellees sought to restrict and permanently enjoin the appellants from trespassing on the waters of an allegedly privately owned non-navigable lake known as Sagers Lake, and to recover damages for said trespass. Appellants were and are the owners of adjoining property.

The issues were formed by appellee's complaint in two paragraphs and appellants' answer under Rule 1-3 of the Supreme Court of Indiana including affirmative paragraphs of answer.

The court found for the plaintiff on paragraph 1 of the plaintiff's complaint and for the defendant on paragraph 2. Plaintiff was granted a permanent injunction, costs were assessed against the defendant on paragraph 1 and against the plaintiff on paragraph 2.

Plaintiff corporation alleged that the defendant trespassed on the aforementioned lake by swimming, wading, boating, fishing and removing fish therefrom, by operating boats thereon and *by conducting a business of licensing,* inviting and permitting *others to go upon and in said privately owned lake.* The plaintiff alleged ownership of the real estate covered by the lake including all of the bed of said lake up to the shore line where the water touched the land belonging to the defendant, Frank Martinal and his predecessors Amos Martinal and Isaline Martinal; that the plaintiff had acquired fee simple title from Chauncy and Charles Sager by warranty deed dated December 20, 1937, and recorded April 1, 1941; that the Sagers, as immediate grantors of the plaintiffs quieted title to the described real estate by a judgment rendered in the Porter Superior Court on April 20, 1937, a copy of which judgment was made an exhibit to the plaintiff's complaint.

Appellant makes one assignment of error:

"The trial court erred in overruling the motion of the defendants, Frank Martinal, Amos Martinal, and Isaline Martinal, for a new trial."

The motion for a new trial contained six specifications:

"(1) The decision on Paragraph No. One is contrary to law.

(2) The decision on Paragraph No. One is not sustained by sufficient evidence.

(3) The decision of the Court is contrary to law.

(4) The finding of the Court is contrary to law.

(5) The decision of the Court is not sustained by sufficient evidence.

(6) The finding of the Court is not sustained by sufficient evidence."

In support of the specifications alleged in the motion for new trial the appellants have presented six propositions in the argument portion of their brief. These propositions are as follows and we shall discuss them in the order of their presentation:

"Proposition I. The matters in controversy in this case, under the issues formed by the pleadings, have all been previously adjudicated against appellee in the Starke Circuit Court."

"Proposition II. The extra-ordinary equitable remedy of injunction will not lie to prevent allegedly continuing trespasses to realty where the title to the realty is in doubt."

"Proposition III. Appellants are the owners of riparian rights and the conduct complained of constitutes nothing more than the valid, reasonable exercise of those rights."

"Proposition IV. Appellants are the owners of prescriptive rights and rights acquired through adverse possession."

"Proposition V. Appellee, by its conduct, is estopped from claiming that appellants are trespassers."

"Proposition VI. Appellee, by its conduct, is barred from seeking equitable relief by the extra-ordinary remedy of injunction."

The plaintiff's evidence consisted of testimony by officers of the plaintiff corporation identifying plaintiff's deed as an exhibit, certain photographs of people in boats on the lake, the use of the plaintiff's property by the members of the plaintiff's club, and testimony of the City Engineer of Valparaiso who had also been the County Surveyor of Porter County establishing the situs of the Sager lake as encompassed in a survey introduced as exhibit 44 being a plat prepared by the witness.

The engineer Mr. Morthland further testified that he had used this same map in a law suit between the same parties some seven or eight years previously.

The defendant's evidence consisted entirely of exhibits including the defendant's answers and the previous proceedings in the Starke Circuit Court.

The action in the Starke Circuit Court was between the same parties and involved the same general issues. It should be noted however, at this point that the allegations of the plaintiff's complaint in the present action embraced in paragraph 10 raise a new issue not within the scope of paragraph 5 and 6 of the action filed originally in the Porter Superior Court and tried in the Starke Circuit Court. Paragraph 10 of the complaint in this case reads as follows:

"10. That defendants, or one or more of them, have repeatedly trespassed upon said lake by wading and swimming therein, by fishing therein and thereon and by removing fish therefrom, *by operating boats, rafts and other vessels thereon and by conducting a business of licensing,* inviting and permitting others to go upon and in said lake as aforesaid and that unless restrained and enjoined therefrom defendants will continue to so act." (Our emphasis)

and paragraphs 5 and 6 of the original complaint read as follows:

"5. That the defendant has on many occasions in the past from time to time trespassed on said property of the plaintiff, and come upon and used said lake and the water thereof, and has fished in the waters and watered his cattle in the lake.

6. That the defendant has permitted and encouraged other parties not personally known to this plaintiff, as his guests and invitees, to come upon the lake and to trespass thereon and to fish in the waters of the lake."

The main issue raised and argued by the parties is the question of whether or not the decision of the Starke Circuit Court is *res judicata* as to the action now before us for consideration. After we dispose of this point the remainder of the propositions assigned by the appellant in support of the alleged error will be discussed and answered collectively.

A succinct statement of the matters to be considered in ascertaining whether or not a prior judgment is *res judicata* as to a subsequent judgment is found in the case. of ■ *Roll et al.* v. *Roll et al.* (1957), 128 Ind. App. 360, 365, 146 N. E. 2d 553:

"It is the rule in Indiana that in determining the conclusiveness of a judgment the matter in issue in the trial wherein it was rendered must be ascertained by an examination of the pleadings and judgment. *Angola State Bank* v. *State ex rel. Sanders* (1944), 222 Ind. 244, 52 N. E. 2d 620."

While it is true that every question that was possible of determination or litigation in a prior cause between the same parties and upon the same cause of action will be considered decided, *Drudge* v. *Citizens Bank of Akron* ■ (1935), 209 Ind. 638, 196 N. E. 111, the rule does not estop litigation of a second suit of rights or actions arising subsequent to the original suit and resulting in a significant change of circumstances.

*Restatement of the Law*, Judgments, § 68, p. 312, states the following:

"The determination of an issue by a judgment is not conclusive in a subsequent action involving the same issue as that involved in the prior action if since the bringing of that action there has been such a change of circumstances that the ground for the determination of the prior action is no longer controlling."

Further in the case of *Stuck* v. *Town of Beech Grove* (1928), 201 Ind. 66, 71, 163 N. E. 483, our Supreme Court in quoting from the case of *Troxell* v. *Del., etc. R. Co.* (1912), 227 U. S. 434, 440, 33 Sup. Ct. 274, 57 L. Ed. 586, made the following statement:

". . . 'Where the second suit is upon the same cause of action set up in the first suit, an estoppel by judgment arises in respect to every matter offered or received in evidence, or which might have been offered, to sustain or defeat the

claim in controversy; but, where the second suit is upon a different claim or demand, the prior judgment operates as an estoppel only as to matters in issue or points controverted and actually determined in the original suit.' . . ."

We feel that it is therefore necessary for us to consider the judgment of the Starke Circuit Court and from such consideration to determine whether or not the issues in this case are beyond the issues considered by that court and whether the action now before us concerns matters arising afterwards which could not have been adjudicated in the prior litigation.

For the purpose of clarity we set out herein the pertinent facts, conclusions and judgment found by the Starke Circuit Court which are in substance as follows: that the plaintiff is a corporation, and has since 1933 occupied and used the property in question for club purposes; that membership in the club required a belief and participation in a cult known as nudism; that the defendant and his parents, as predecessors in title, owned and farmed a tract of land adjoining the millpond at the southeast end of the lake; that the title of the defendant, Martinals, to their real estate had previously been quieted against the Sagers, plaintiff's predecessors in title; that on April 20, 1937, title to the real estate claimed by the plaintiffs was quieted in their immediate grantors; that the defendants acquired certain prescriptive rights including watering their cattle in the millpond and *permitting various persons to picnic along the lake and fish in the millpond waters from the bank including the wading into the water for a short distance for the purpose of fishing.*

Based upon the above findings the court concluded that the law was with the defendant that the type of use by the defendant did not justify invoking the aid of a court of equity to protect; that the ownership of the lake was not admitted or adjudicated; that the plaintiff was estopped from asserting that the defendant does not have a legal right to use his property in the manner shown by the facts; that the defendant

possessed valuable riparian rights the exercise of which was not an invasion of the rights of the plaintiff.

Upon the findings of fact and conclusions of law the court entered judgment as follows:

> "It is ordered, adjudged and decreed by the Court that the plaintiff take nothing by its complaint.
> It is further ordered, adjudged and decreed by the Court that the defendant recover his costs in the sum of $_____."

It can be clearly seen from a comparison of the pleadings and judgments of the two actions and the findings arrived at in each that the cause now before us involves a definite change of circumstances and new facts such that the court below was correct in its determination. The appellants have, since the Starke Circuit Court suit, extended their domain over the lake to such a point that they far exceeded whatever rights were found to exist in the prior suit. We will not enlarge the doctrine of *res judicata* to shield encroachment of property rights by the person urging its application. We hold therefore that the judgment of the Starke Circuit Court was not *res judicata* as to the case filed in the Porter Circuit Court and which is now before us on appeal.

The appellants urge as a further proposition in support of reversal that the appellees by their conduct are barred from seeking equitable relief under the extra-ordinary remedy of injunction. In support of the contention they cite § 10-2901, Burns' 1956 Replacement, being the statute on public indecency and argue that the practice of nudism is against public policy and dirties the hands of the appellee thereby preventing its right to equitable relief. The appellants attempt fortification of their contention with the following quote from the case of *Ardery* v. *The State* (1887) 56 Ind. 328:

> "Immediately after the fall of Adam, there seems to have sprung up in his mind an idea that there was such a thing as decency and such a thing as indecency; that there was a distinction between them; and, since that time, the ideas of decency and indecency have been instinctive in, and,

indeed, parts of, humanity. And it historically appears that the first most palpable piece of indecency in a human being was the public exposure of his or her, as now commonly called, privates; and the first exercise of mechanical ingenuity was in the manufacture of figleaf aprons by Adam and Eve, by which to conceal from the public gaze of each other their, now, but not then, called, privates. This example of covering their privates has been imitated by all mankind since that time, except perhaps, by some of the lowest grades of savages.

Modesty has ever existed as one of the most estimable and admirable of human virtues."

While this Court is in full agreement on the necessity and desirability of modesty and the practice thereof we fail to see the relevance of appellants' argument on this point. The existence of nudists colonies has not been proscribed in this State, the fact being in this particular situation that the Lake O' The Woods Club is an Indiana corporation deriving its corporate entity from a charter issued by the State. Whether or not the practice may be offensive to some or condoned by others cannot be made a determinative factor in deciding this appeal.

From the record before us we find no demonstration of reversible error and the judgment is therefore affirmed.

Prime, P. J., and Faulconer, J., concur.

While Judge Martin participated in the hearing of the oral argument and conference of the Judges above-named, he did not participate in the adoption of this final opinion.

## ON PETITION FOR REHEARING

CARSON, J.—The appellants have filed their petition for rehearing in four paragraphs.

In paragraph one the same cases are cited as were included in appellants' original brief. We do not disagree with the rule of law as enunciated in those cases but we do not think it applies to the facts in the case before us. In the first trial the court determined that the appellants had cer-

tain rights as riparian owners. The appellants now seek to bar the rights of the appellee by extending the effect of that first judgment far beyond what we think we could have been contemplated under the issues raised in the first case. The appellants attempted to extend the riparian rights guaranteed them in the first case to the operation of a commercial enterprise. We will not extend the doctrine of *res judicata* to bar what we consider an entirely different state of facts.

Our same reasoning applies to points raised in paragraph two of appellants' petition.

As to paragraph three it is our opinion that the facts do not establish that the appellee's title is in dispute in the case now before us.

The appellants in paragraph four of their petition cite a conclusion of law of the Starke Circuit Court and attempt to make such conclusion a binding precedent upon this court since there was no appeal from the decision of the Starke Circuit Court in the first case. We cannot accept the proposition that a conclusion of law by a trial court is a binding precedent upon this court.

Further in re-examining our original opinion and findings, conclusions and judgment of the LaPorte Circuit Court it is our opinion that those findings, conclusions and judgment were based upon due consideration of the bare facts and by its judgment the LaPorte Circuit Court arrived at the naked truth.

The petition for rehearing is denied.

Prime, P. J., and Faulconer, J., concur.

Wickens, J., not participating.

NOTE.—Reported in 208 N. E. 2d 722. Rehearing denied reported in 210 N. E. 2d 130.