RALPH VANNATTA, AS COMMISSIONER OF BUREAU OF
MOTOR VEHICLES, STATE OF INDIANA *v.* DAVID CRITES,
REXALL CRITES

[No. 1-478A100. Filed October 24, 1978. Rehearing denied November 30, 1978.]

*Theodore L. Sendak*, Attorney General of Indiana, *Ronald J. Semler*,
Deputy Attorney General, for appellant.

*Lee Pettay*, of Bloomington, for appellees.

## STATEMENT OF THE CASE

LOWDERMILK, J.—The Monroe County Court awarded judgment to

plaintiffs-appellees David Crites and Rexall Crites after holding that defendant-appellant Ralph VanNatta, as Commissioner of the Bureau of Motor Vehicles for the State of Indiana, was negligent in failing to note a lien on a certificate of title for a motor vehicle. VanNatta appeals.

## FACTS

Maxford Fox gave his 1957 Chevrolet automobile to his grand-daughter, Glenda Sue Sims, as a wedding present. In an effort to restrict transfer of the title by his daughter, Boyd Fox inscribed upon Maxford's certificate of title a lien in the amount of $1,000 in favor of himself.

Glenda applied for a certificate of title on October 18, 1974, and stated in the application that there were no liens on the vehicle. The Bureau of Motor Vehicles issued a lien-free certificate of title in Glenda's name.

Glenda and her husband sold the automobile to Donald Scroggins on December 10, 1974. Scroggins, who took title without notice of any lien claimed by Boyd Fox, obtained a lien-free certificate of title.

Donald Scroggins sold the automobile to David Crites on February 11, 1975. David's father, Rexall Crites, obtained a lien-free certificate of title. At the time David purchased the automobile, neither he nor his father had knowledge of any lien claimed by Boyd Fox.

Boyd Fox filed suit against Crites in Monroe Superior Court II, seeking possession of the automobile and damages. That court entered judgment as follows:

"It is now, therefore, ordered, adjudged, and decreed that the plaintiff is declared to hold a lien upon the 1957 Chevrolet automobile titled in the name Rexall Crites in the amount of $1,000.00 and that said lien shall be endorsed upon the certificate of title therefor and that the costs of this action be taxed to the defendant."

Crites initiated no appeal from that judgment.

On August 10, 1976, David Crites and Rexall Crites filed their complaint in the Monroe County Court naming Ralph VanNatta (as Commissioner of the Bureau of Motor Vehicles) and Boyd A. Fox as defendants. The Crites sought recovery from the Bureau of Motor Vehicles for the damage allegedly caused them when the $1,000 lien was noted

on the certificate of title. In paragraph eight of their complaint, the Crites explained, "That Boyd A. Fox is made party defendant to protect his interest in the $1,000.00 lien placed on said vehicle." Boyd Fox filed a counterclaim seeking possession of the automobile.

The Monroe County Court entered judgment on January 9, 1978:

"IT IS THEREFORE ORDERED:

1. David Crites and Rexall Crites shall have and recover judgment in the sum of $1,000.00, plus the costs of this action against the defendant Ralph VanNatta, as Commissioner of Bureau of Motor Vehicles, State of Indiana.

2. Rexall Crites and David Crites are entitled to present possession of the subject vehicle subject to further proceedings for foreclosure of the lien created in favor of Boyd A. Fox."

VanNatta brings this appeal after the Monroe County Court overruled the motion to correct errors.

## ISSUES

1. Did the trial court err in admitting into evidence a copy of the judgment entered by the Monroe Superior Court II?

2. Did the trial court err in finding that VanNatta was negligent in failing to note the existence of a lien in favor of Boyd Fox when he issued the certificate of title in the name of Glenda Sue Sims?

3. Did the trial court err in finding that the omission by VanNatta was the proximate cause of any damage suffered by David Crites and Rexall Crites?

4. Did the trial court erroneously determine that Boyd Fox had a valid lien?

5. Did the trial court err in finding that David Crites and Rexall Crites had been damaged in the amount of $1,000?

## DISCUSSION AND DECISION

*Issue One*

The trial court admitted into evidence a copy of the judgment entered by the Monroe Superior Court II in the suit filed by Boyd Fox. That

judgment left Rexall Crites with a $1,000 lien on his certificate of title. VanNatta insists that, because he was not a party in the prior action, the copy of the judgment was not admissible in this action.

VanNatta relies upon the following statement appearing in *Lasher v. Gerlach* (1939), 107 Ind.App. 572, 579, 23 N.E.2d 296:

> "It may be stated as a general rule that a judicial record is not admissible where it is not relevant to any issue made by the pleadings in the action in which it is sought to be used or where it is sought to be used as against one not a party or privy to the former proceedings. . . ."

In *Lasher v. Gerlach, supra,* the persons contesting Catherine Gerlach's will introduced into evidence a copy of a judgment entered in an earlier proceeding as proof of the unsoundness of Catherine Gerlach's mind. The judgment favorable to the will contestants was reversed on appeal. Judge Laymon wrote, at 107 Ind.App. 572, 580:

" *   *   *

> It is admitted that the use sought to be made of the exhibits complained of is to show that the testatrix at the time she executed her will was a person of unsound mind; . . . It is clear that the parties to this action, save and except Emma J. Fella, were not parties to the action instituted by the Old Rockport State Bank, as guardian of Catherine Gerlach, against James Hill and Emma J. Fella. They did not appear and had no opportunity to examine or cross-examine witnesses testifying at the trial of the cause, or offer evidence in their behalf; nor did they have an opportunity to appeal from the judgment. The pleadings presented no issue of soundness or unsoundness of mind. The only place in the entire record and proceedings where the mental condition of Catherine Gerlach is referred to is in the special finding of facts. Obviously the parties to this action would not be bound by the judgment in that case. The judgment itself could not throw any light upon the issue as to the mental condition of the testatrix. . . ."

The only additional case which VanNatta cites in support of his argument is *Roll v. Roll* (1958), 128 Ind.App. 360, 147 N.E.2d 557. The copy of a judgment from a prior proceeding was offered as proof of Lucy Roll's status as the widow of J. L. Roll. The Industrial Board correctly rejected the exhibit because the Industrial Board had not been a party in the prior proceeding. Both *Roll v. Roll, supra,* and *Lasher v. Gerlach, supra,*

concern use of a judgment from a prior proceeding to prove a fact upon the supposed existence of which the prior judgment was secured.

> VanNatta disregards the two sentences which follow the statement on which he relies in *Lasher v. Gerlach, supra,* at 107 Ind.App. 572, 579:

". . . A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact. This is true, whether the person against whom it was offered as evidence was a party to the action in which it as rendered or not. . . ."

In the case at bar, Crites did not introduce the copy of the prior judgment as evidence of the validity of the lien which Boyd Fox inscribed upon the certificate of title of Maxford Fox. The copy of the judgment only proved that the Monroe Superior Court II had ordered a $1,000 lien endorsed upon Rexall Crites' certificate of title. The copy of the judgment was competent evidence for this purpose even though Van-Natta was not a party to the action in which that judgment was rendered. *Lasher v. Gerlach, supra.* The trial court did not err.

*Issue Two*

VanNatta contends that the trial court erred in finding that he was negligent in failing to note the existence of a lien in favor of Boyd Fox when he issued the certificate of title in the name of Glenda Sue Sims.

> The tort of negligence consists of three elements: (1) the existence of a duty on the part of defendant in relation to plaintiff, (2) failure of defendant to conform his conduct to the standard of care dictated by such duty, and (3) injury to plaintiff proximately resulting from such failure. *Miller v. Griesel* (1974), 261 Ind. 604, 308 N.E.2d 701; *Department of Commerce v. Glick* (1978), 175 Ind.App. 449, 372 N.E.2d 479.

Evidence presented at trial proves that (1) Boyd Fox listed himself as a lienholder on his father's certificate of title which was surrendered to Glenda Sue Sims; (2) Glenda stated in her application for a certificate of title that there were no liens on the vehicle; and (3) the certificate of title issued to Glenda Sue Sims listed no liens on the vehicle.

VanNatta argues that he performed his duty as prescribed by IC 1971, 9-1-2-1 (Burns Supp. 1978):

". . . Said certificate shall contain such description and other evidence of identification of such motor vehicle, semitrailer or recreational vehicle as the commissioner may deem reasonably necessary and proper, together with a statement of any liens or encumbrances which the *application* may show to be thereon. . . ." (Our emphasis)

A thorough reading of IC 1971, 9-1-2-1, *supra*, reveals that VanNatta's duties consist of more than merely copying information shown on an application:

". . . The application for certificate of title shall be made upon a form to be furnished by the commissioner and shall be acknowledged before a notary public or other officer empowered to administer oaths, and shall contain a full description of such vehicle, together with a statement of the applicant's title, and of any liens or encumbrance upon such vehicle, and such other information as the commissioner may require. If a certificate of title has been previously issued for such vehicle in this state, it shall be accompanied by such certificate of title duly assigned, unless otherwise provided for. . . . The department shall use reasonable diligence in ascertaining whether or not the facts stated in said application for certificate of title are true, and if satisfied that the applicant is the lawful owner of such vehicle, or is otherwise entitled to have the same registered in his name, the department may thereupon issue an appropriate certificate of title over the signature of the commissioner, and sealed with the seal of the department. . . ."

We agree with VanNatta when he argues that "[t]he Bureau of Motor Vehicles is not under any duty to delve into the depths of familial agreements and parental restrictions." VanNatta had no duty to determine the validity of the lien noted on the surrendered certificate of title. He did have a duty, however, to demand surrender of the certificate of title of Maxford Fox, and to use reasonable diligence in ascertaining whether or not the statements made in Glenda Sue Sims' application were true. The exercise of reasonable diligence most certainly includes sufficient examination of the surrendered certificate of title to determine whether or not any liens are noted thereon. If VanNatta had used reasonable diligence, he would have been aware of the lien of Boyd Fox and that lien would have been noted on the certificate of title issued to Glenda Sue Sims.

The legislature enacted the statute concerning certificates of title to motor vehicles for the purpose of protecting the owners of motor vehicles, persons holding liens thereon, and the public. *Champa v. Consolidated Finance Corp.* (1953), 231 Ind. 580, 110 N.E.2d 289; *Nichols v. Bogda Motors* (1948), 118 Ind.App. 156, 77 N.E.2d 905.

The trial court did not err when it found that VanNatta was negligent.

*Issue Three*

VanNatta contends that the trial court erred when it found that his act of omission was the proximate cause of any damage suffered by David Crites and Rexall Crites. VanNatta analyzes the situation as follows:

> "Any negligence on the part of Appellant which was shown would merely give Glenda Sims an opportunity to fraudulently obtain a certificate of title without a 'lien' noted thereon and to convey the title of the vehicle to the appellee without the consent of her father; the consent which only she knew was required. Consequently, the loss which Boyd Fox sustained and therefore the basis of Appellees' 'liability' was proximately caused by the voluntary act of a third person over whom the Appellant had no control."

Proximate cause is an issue to be determined by the trier of fact. *Department of Commerce v. Glick, supra; Johnson v. Bender* (1977), 174 Ind.App. 638, 369 N.E.2d 936.

In responding to VanNatta's argument, David Crites and Rexall Crites rely primarily upon the case of *Smart & Perry Ford Sales v. Weaver* (1971), 149 Ind.App. 693, 703, 274 N.E.2d 718. We quote from Judge Staton's opinion:

"Proximate cause is defined in 27 I.L.E., *Torts*, § 4, p. 451, as follows:

> 'In determining liability for a tortious injury, the law looks only to the act or omission from which the result follows in direct sequence without the intervention of a voluntary independent cause and declines to permit further investigation into the chain of events, and unless the act complained of is the proximate cause of the injury there is no legal liability.'

The intervention of a voluntary independent cause would not operate to defeat a recovery from the wrong-doer if such intervening agency is one whose intervention would necessarily, or might reasonably, have been foreseen by the wrong-doer. *Anderson v.*

*Evansville Brewing Association* (1912), 49 Ind.App. 403, 97 N.E. 445. . . ."

Having reviewed the evidence in the case at bar, we find that Van-Natta's negligence was a substantial factor in producing the damage suffered by the Crites. Although Glenda Sims' activities may constitute a voluntary independent cause, her activities could reasonably have been foreseen by VanNatta; the provision for notation of liens on a certificate of title for a motor vehicle is intended to prevent the very situation which occurred in the case at bar. Because the particular injury suffered is one of a class that was reasonably foreseeable at the time VanNatta issued the lien-free certificate of title to Glenda Sue Sims, there is causal relation in fact as well as legal cause. We hold that the trial court, as trier of fact, did not err when it determined that VanNatta's negligence was the proximate cause of the damage suffered by David Crites and Rexall Crites.

*Issue Four*

VanNatta contends that the trial court erroneously determined that Boyd Fox had a valid lien.

The validity of the lien claimed by Boyd Fox was not an issue in the case at bar. The Monroe Superior Court II entered judgment impressing a lien on the certificate of title of Rexall Crites. That judgment was not appealed. In the case at bar, the Monroe County Court determined that the negligence of VanNatta proximately caused the imposition of a lien on the certificate of title of Rexall Crites.

We recognize the fact that VanNatta was not a party in the earlier proceedings. If VanNatta has an issue to litigate with Boyd Fox, he must litigate it with Boyd Fox; he cannot present that issue as a defense in an action brought by David Crites and Rexall Crites.[1]

*Issue Five*

VanNatta contends that evidence of the imposition of a $1,000 lien does not prove damages of $1,000. He explains that (a) if Glenda Sue

---

1. VanNatta filed no cross-claim in the case at bar.

Sims pays her father $1,000, or (b) if Boyd Fox never demands payment from anyone, David Crites and Rexall Crites will suffer no harm. Van-Natta insists that the award of $1,000 is based upon guesswork, innuendo, and speculation.

VanNatta cites no authority in support of his implied argument that a person is not damaged by the imposition of a lien on his property.

> Our Supreme Court has defined "damages" as "the estimated money equivalent for the injury sustained." *State ex rel. Mason v. Jacobs* (1924), 194 Ind. 327, 332, 142 N.E. 715.

The Crites purchased an automobile for which the certificate of title revealed no liens. The Monroe Superior Court II entered judgment imposing a $1,000 lien. VanNatta's negligence was found to be the proximate cause of the injury suffered by the Crites. It is not a matter of guesswork, innuendo, and speculation to reason that the Crites will have to pay $1,000 if they wish to take affirmative action in obtaining a release of the lien.

If VanNatta's negligence had caused physical damage to the Crites' automobile, the Crites might have elected to drive a dented vehicle rather than to have the damage repaired; such an election would not have released VanNatta from his obligation to pay the Crites for the damage proximately caused by his negligence. It is true that the Crites may elect not to take affirmative action in obtaining a release of the lien. This possibility does not release VanNatta from his obligation to pay the Crites for the damage proximately caused by his negligence.

Judgment affirmed.

Robertson, J. concurs.

Young, J. (Participating by designation) dissents with opinion.

## DISSENTING OPINION

YOUNG, J.—I would reverse the judgment below as being contrary to law.

The judgment of the trial court is not sustained by the special find-

ings of fact and is erroneous. The judgment cannot be sustained as a conclusion of law when it is inconsistent with the findings. *See Schwegman v. Neff* (1940), 218 Ind. 63, 29 N.E.2d 985.

The trial court found the following facts:

1. That Maxford Fox owned a 1957 Chevrolet automobile.

2. That he gave it to his granddaughter, Glenda Sue Sims, as a wedding present.

3. That Boyd Fox, the son of Maxford Fox and father of Glenda Sue Sims, inscribed upon his father's certificate of title a $1,000 lien in favor of himself.

4. That neither Maxford Fox nor Boyd Fox received any consideration for the transfer of the title.

5. That Glenda Sue Sims received no consideration from either her grandfather or her father for the inscription of the lien.

6. That Boyd Fox has never demanded payment from his daughter of the $1,000 and that his daughter never offered any amount to her father in satisfaction of such inscribed lien.

7. That a prior trial court, in a proceeding between Boyd Fox and Rexall Crites, had found an enforceable lien in favor of Boyd Fox.

Appellant-VanNatta contended that the trial court erroneously determined that Boyd Fox had a valid lien. The majority opines that the validity of the lien was not an issue in this case. They recognize that VanNatta was not a party in a prior suit between Fox and Crites which held the lien to be valid. They hold since VanNatta filed no cross-claim against Boyd Fox, a defendant below, the issue cannot be presented as a defense against Crites.

I disagree.

Validity was an issue and could be presented as a defense. *See* Ind. R. Tr. P., TR. 8. The validity of the lien was determined by another trial court. One who was a stranger to an action is not bound by the judgment therein. *McClure v. Raber* (1939), 106 Ind.App. 359, 19 N.E.2d 891. VanNatta was not a party or in privity with a party in the suit between

Fox and Crites in the Monroe Superior Court II. I agree that the judgment was admissible as evidence of its rendition and legal consequences thereof. But, the judgment was inadmissible to prove a fact upon the supposed existence of which the prior judgment was secured.

Since I would allow VanNatta to present the issue of validity as a defense, which he in fact did, it is necessary to consider the merits of the attack.

The trial court found that the automobile was a gift from grandfather to granddaughter, the father had no pecuniary interest therein. There was no finding that the grandfather reserved a security interest in the auto, only the father. VanNatta argued that there was no underlying obligation which would give rise to a lien. With this I agree. Whether the grandfather may make a gift and retain security interest therein is not an issue. The issue is whether the father, a third party, after the grandfather makes the gift, may create a security interest in himself. He cannot.

None of the elements necessary to create a valid security interest were present here. For example, one of the elements is that it must attach. *See* IC (1971) § 26-1-9-204, Indiana Comment to U.C.C.. IC (1971) § 26-1-9-204 provides, in part, "A security interest cannot attach until there is agreement . . . that it attach *and value is given* and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching." (Emphasis added.) Here no value was given. Value is given:

(a)    in return for a binding commitment to extend credit or for the extension of immediately available credit whether or not drawn upon and whether or not a chargeback is provided for in the event of difficulties in collection; or

(b)    as security for or in total or partial satisfaction of a preexisting claim; or

(c)    by accepting delivery pursuant to a preexisting contract for purchase; or

(d)    generally, in return for any consideration sufficient to support a simple contract.

IC § 26-1-1-201(44). The evidence shows that the father gave no value and the granddaughter gave no value. No security interest was created. With no security interest created, there was no valid lien held by the father. The trial court by finding VanNatta liable, implicitly held the lien to be valid. This is contrary to law because the conclusion is unsupported by the findings of fact. Logic dictates that if there was no valid lien, there could be no negligence in failing to note one on the certificate of title.

It must be recognized that Boyd Fox is entitled to a $1,000 windfall as a result of the judgment lien entered by Monroe Superior Court II. The majority would have that liability fall on the State of Indiana. Such a result is inequitable. The loss must fall on the party (Crites) who failed to pursue an appeal of the Monroe Superior Court II judgment.

NOTE — Reported at 381 N.E.2d 532.