**Leslie A. STERLING, Appellant (Defendant Below),**

v.

**CAPITAL FINANCIAL SERVICES, INC., Appellee (Plaintiff Below).**

No. 3–984A252.

Court of Appeals of Indiana, Third District.

July 25, 1985.

Glenn L. Duncan, Elkhart, for appellant.

James R. Brotherson, Pfaff and Brotherson, Richard E. Bond, Elkhart, for appellee.

STATON, Presiding Judge.

Leslie Sterling appeals from a judgment awarding Capital Financial Services (Capi-

tal), a Michigan-based company, a priority lien in a tractor owned by Virgil and Deloise Christener (Christeners). There are two issues on appeal:

1. Whether Capital adequately protected its security interest from fraud; and
2. Whether Sterling's security interest was perfected prior to Capital's taking possession of the tractor.

Reversed and remanded.

This case was tried before the court on stipulated facts. The Christeners executed a promissory note with the Summerfield Truck Company, pledging the tractor in question as security. The note was assigned to Capital, and Capital's lien on the tractor was noted on the back of the certificate of title and acknowledged by a notary public. Capital returned the certificate of title to the Christeners to have a new certificate issued noting Capital's lien. This was never done.

The Christeners instead applied for a new certificate of title which did not include any notation of Capital's lien. Another lien was executed in favor of the First National Bank to secure a loan. This lien was assigned to Sterling as security for a loan to pay the debt owed the bank. Sterling had a new certificate of title issued showing his lien. However, between Sterling's application for the certificate and its issuance, Capital had obtained judgment against the Christeners on its loan and took possession of the tractor by a court order.

Capital sued to foreclose its security interest. The trial court awarded Capital a priority lien against the tractor superior to Sterling's interest. The trial court held that the lien was perfected when notarized on the original certificate, and in any event was perfected when Capital took possession of the tractor. Sterling appeals.

## I.

### Adequate Protection

Sterling argues that the trial court erred in finding that Capital's lien was perfected when it was notarized on the original certificate of title. Capital's response is that it has a priority lien because the Christeners have defrauded both Capital and Sterling. Sterling responds in turn that it was Capital's failure to file the certificate and failure to take any action in Indiana that made the fraud possible.

■■ It is a well settled rule of law that where one of two innocent parties must suffer a loss, that loss must be borne by the party whose act or omission made the loss possible. *Champa v. Consolidated Finance Corp.* (1953), 231 Ind. 580, 594, 110 N.E.2d 289, 295; *Krietenstein v. Robinson* (1955), 126 Ind.App. 83, 89, 129 N.E.2d 368, 371. Despite Capital's problems in dealing with the Christeners, Capital made no attempt to perfect its lien. Capital did not itself attempt to file for the certificate of title. In fact, Capital originally had the certificate but returned it to the Christeners. The stipulated facts show that Capital was aware of its problems with the Christeners from the outset, and yet made no attempt to perfect its interests until more than twenty months after Capital first began having problems. Sterling on the other hand made immediate application to the Bureau of Motor Vehicles to perfect his lien through the appropriate steps listed in IC (1980), 9–1–2–1 (Burns Code Ed.).

In addition, Capital maintains that the notation of its security interest on the back of the certificate of title is enough to perfect its lien. This argument ignores both the Christeners' actions and Capital's own delay in acting to perfect its security interest. Therefore, Capital's omission and delay impose on it the burden of the loss.

## II.

### Perfection by Possession

Capital also argues that its security interest was perfected when it took possession of the tractor pursuant to a court order. The trial court accepted this argument. The argument, however, is without merit.

The statute governing filing of security interests exempts security interests created in motor vehicles from its provisions. IC (1974), 26-1-9-302(3)(b)(Burns Code Ed.). The statute goes on to provide that perfection of a security interest in a motor vehicle can be had by registration or by filing under the motor vehicle title statute. IC 26-1-9-302(4). *See also* IC 9-1-2-1. Perfection occurs when a security interest attaches and when all the applicable steps required for perfection have taken place. IC 26-1-9-303. Sterling's security interest attached when he and the Christeners agreed to the loan and he paid the Christeners' debt, and when the loan was secured by the tractor. *See* IC 26-9-204(1), 26-1-201(3).

 Sterling had also taken all the applicable steps for filing the certificate of title under IC 9-1-2-1. That statute was enacted, in part, to protect lienholders. *See Champa, supra,* 231 Ind. at 592, 110 N.E.2d at 294; *VanNatta v. Crites* (1978), 178 Ind.App. 113, 119, 381 N.E.2d 532, 537; *Nichols v. Bogda Motors* (1948), 118 Ind. App. 156, 159; 77 N.E.2d 905, 907. A certificate of title is evidence of title, although not a conclusive determination of title. *Champa, id.; Nichols, id.* Capital took possession of the tractor only after Sterling had filed under IC 9-1-2-1. Therefore, Sterling had perfected his security interest prior to Capital's taking possession. In addition, we emphasize Capital's inaction and delay in protecting its interest.

Therefore, the trial court erred when it ruled Capital had a priority lien in the tractor over that of Sterling. To hold otherwise would violate the protection afforded lienholders by our statutes.

Reversed and remanded for proceedings consistent with this opinion.

HOFFMAN and GARRARD, J., concur.