**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 10 2014, 9:20 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*:

**ADAM W. POWELL**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ADAM W. POWELL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 38A02-1304-IF-316 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JAY SUPERIOR COURT
The Honorable Max C. Ludy, Jr., Judge
Cause No. 38D01-1209-IF-2

**April 10, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On March 5, 2012, Portland Police Officer Joshua Stephenson observed a vehicle parked adjacent to the Jay County Courthouse in Portland. The vehicle caught Officer Stephenson's attention because it had a "homemade" license plate. An individual, later identified as Appellant-Defendant Adam W. Powell, got in the vehicle and drove away before Officer Stephenson could verify whether there were any other identifying marks or stickers on the vehicle.

Officer Stephenson soon thereafter observed the vehicle traveling near 200 South and U.S. Highway 27. Officer Stephenson initiated a traffic stop. During the course of the traffic stop, Officer Stephenson determined that Powell had committed four infractions. Specifically, Officer Stephenson determined that (1) Powell was driving the vehicle without a valid driver's license, (2) the vehicle was not properly registered, (3) Powell could not provide proof of financial responsibility, and (4) the window tint was darker than that permitted by the traffic code. Powell was cited for each of the above-stated infractions.

Powell contested the validity of the citations, after which the State formally charged Powell with one count each of Class A infraction driving while suspended, Class C infraction failure to register, Class A infraction operating a motor vehicle without financial responsibility, and Class C infraction window tint violation by a driver. On March 8, 2013, following a bench trial, the trial court found that Powell had committed each of the charged infractions. The trial court imposed a $100 fine for each infraction and recommended that the Indiana Bureau of Motor Vehicles ("BMV") suspend Powell's driver's license for a period of

2

one year.

On appeal, Powell challenges the trial court's alleged *ex post facto* application of the statutory definition of the term "operate." Powell also contends that the regulations relating to the infractions in question violate certain constitutional rights. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On March 5, 2012, at approximately 5:40 p.m., Officer Stephenson observed a "mid 90's" gray Chevy Blazer parked adjacent to the Jay County Courthouse that had a "homemade" license plate. Tr. pp. 5, 6. The license plate "was covered by a plastic covering, slightly tinted" and stated "private property." Tr. p. 5. While Officer Stephenson was attempting to approach the vehicle to determine whether there were any other identifying marks or stickers, an individual got in the vehicle and drove away.

A short time later, Officer Stephenson observed the Chevy Blazer traveling near 200 South and U.S. Highway 27. Officer Stephenson initiated a traffic stop. When Officer Stephenson approached the vehicle, the driver identified himself as Powell. During the course of the traffic stop, Officer Stephenson determined that Powell had committed four infractions, including that (1) Powell was driving the vehicle without a valid driver's license, (2) the vehicle was not properly registered, (3) Powell could not provide proof of financial responsibility, and (4) the window tint was darker than that permitted by the traffic code. Powell was cited for each of the above-stated infractions.

Powell contested the validity of the citations. The State then formally charged Powell with one count each of Class A infraction driving while suspended, Class C infraction failure

to register, Class A infraction operating a motor vehicle without financial responsibility, and Class C infraction window tint violation by a driver. Following initial proceedings in the Portland City Court, on September 19, 2012, the city judge recused himself and the case was transferred to the Jay Superior Court. The State subsequently refiled the charges in the Jay Superior Court.

Powell failed to appear for a bench trial on January 25, 2013. On February 2, 2013, Powell moved to dismiss the charges, alleging that "the Portland City Court is defined as being *not* a court of record. Therefore it lacks the authority to impose fines for supposed traffic violations, thus failing to establish subject-matter and personal jurisdiction." Appellee's App. p. 13 (emphasis in original). The trial court subsequently denied Powell's motion. On March 8, 2013, following a bench trial, the trial court found that Powell committed the charged infractions. The trial court ordered Powell to pay a $100 fine for each of the four infractions. The trial court also recommended that the BMV suspend Powell's driver's license for a period of one year. This appeal follows.

**DISCUSSION AND DECISION**

**I. Claim Relating to the Definition of the Term "Operate"**

Powell contends that the trial court erred in determining that he committed the charged infractions because the statutory definition of the term "operate" in effect at the time Powell was cited for the infractions related only to the operation of motorboats. In raising this contention, Powell asserts that the trial court unlawfully applied a statutory definition of the term operate that was adopted after he committed the charged infractions. While we

4

generally agree that both the United States and Indiana Constitutions prohibit *ex post facto* application of laws in criminal matters, we disagree with Powell's contention that the trial court committed an *ex post facto* application of the law in the instant matter.

Although there was no statutory definition of the term "operate" in the traffic code at the time Powell committed the infractions, "[u]ndefined words in a statute are given their plain, ordinary, and usual meaning, unless the construction is plainly repugnant to the intent of the legislature or of the context of the statute." *Hinojosa v. State*, 781 N.E.2d 677, 680 (Ind. 2003) (citing Ind. Code § 1-1-4-1). The Webster's Third New International Dictionary defines operate as "to cause to function usu[ally] by direct personal effort : WORK <~ a car>." WEBSTER'S THIRD NEW INT'L DICTIONARY 1581 (14th ed. 1961). Moreover, this court has previously held that "to operate a vehicle is to drive it or be in actual physical control of it upon a highway." *Hampton v. State*, 681 N.E.2d 250, 251 (Ind. Ct. App. 1997).

Based upon these definitions, it is clear from the record that Powell was operating a vehicle when he was cited for the charged infractions. The undisputed evidence demonstrates that Powell was driving the Chevy Blazer when Officer Stephenson initiated the traffic stop. As such, we conclude that the trial court did not err in determining that Powell committed the charged infractions.

## II. Remaining Constitutional Claims

Powell also contends that he could not be found to have committed the charged infractions because the regulations creating and defining the infractions violate certain constitutional rights, including the right to own property, the right to travel, and the right to

contract. Initially, we note that the failure to file a pre-trial motion to dismiss raising the constitutional challenge results in waiver of the issue on appeal. *Payne v. State*, 484 N.E.2d 16, 18 (Ind. 1985). In the instant matter, Powell did not include any challenge to the constitutionality of the regulations relating to motor vehicles in his pre-trial motion to dismiss. As such, he has waived the asserted constitutional challenges on appeal. *See Wiggins v. State*, 727 N.E.2d 1, 5 (Ind. Ct. App. 2000) (providing that defendant waived his claim that the statute in question was unconstitutionally vague and ambiguous because he did not raise the claim in his pre-trial motion to dismiss).

However, waiver notwithstanding, we conclude that Powell has failed to establish that the challenged regulations relating to motor vehicles are unconstitutional. An individual does not have a fundamental right to drive. *See Mitchell v. State*, 659 N.E.2d 112, 116 (Ind. 1995); *Schrefler v. State*, 660 N.E.2d 585, 587 (Ind. Ct. App. 1996); *Terpstra v. State*, 529 N.E.2d 839, 847 (Ind. Ct. App. 1988). Rather, driving privileges are an entitlement which may be withheld, suspended, or revoked by the State for reasons involving public safety. *Schrefler*, 660 N.E.2d at 587-88. Further, because the law recognizes no fundamental right to drive, the State need only show that the law bears a rational relationship to a legitimate state interest. *Mitchell*, 659 N.E.2d at 116.

In *Terpstra*, we noted that the Indiana Supreme Court has previously held that the State has both a legitimate and compelling interest in highway safety and, as a result, it may write regulations promoting highway safety. 529 N.E.2d at 846 (citing *Ruge v. Kovach*, 467 N.E.2d 673, 681 (Ind. 1984)).

6

> The statute concerning driver's licenses ensures a driver's ability to maneuver a motor vehicle on public roads in Indiana, thus promoting public safety. The statutes concerning the registration of vehicles protect the owners of motor vehicles, persons holding liens and the public. *VanNatta v. Crites* (1978), 178 Ind. App. 113, 381 N.E.2d 532, 537. Since our state legislature has the power to enact these statutes and these statutes further a compelling state interest, they must be upheld.

*Id*. at 846-47.

We also believe that the State's legitimate interest in promoting highway safety bears a rational relationship to the regulations concerning proof of financial responsibility and the level of window tint permissible on Indiana roadways. Similar to the regulations concerning vehicle registration and the licensing of drivers, these regulations seek to protect both the owners of motor vehicles and others whom they might encounter while traveling on Indiana's roadways. Thus, we conclude that Powell has not met his burden of overcoming the presumption of constitutionality.

The judgment of the trial court is affirmed.

RILEY, J., and ROBB, J., concur.