LASHER, ADMINISTRATRIX *v.* GERLACH ET AL.

[No. 16,420. Filed November 8, 1939. Rehearing denied February 15, 1940. Transfer denied March 25, 1940.]

*Paul F. Mason, Louis N. Savage,* and *James P. Savage,* for appellant.

*Louis L. Roberts,* and *William L. Irons,* for appellees.

LAYMON, J.—This is an action by appellees to contest the last will and testament of Catherine Gerlach and to set aside the probate of said will.

The complaint, which was in one paragraph, alleged several grounds for contest, but the court, upon appellees' request, eliminated all of the issues except that of unsoundness of mind of the testatrix at the time of the execution of the will. To this complaint appellant filed an answer in general denial.

The action was commenced in the Spencer Circuit Court, and, upon application of appellees for a change of venue from the county, was venued to Perry County, where the venue of the cause, upon application of appellant for a change of venue from that county, was again changed to Warrick County. The cause was tried by a jury in the Warrick Circuit Court, resulting in a verdict and judgment that said will is invalid and that the probate thereof be set aside.

In due time appellant filed her motion for a new trial, which was overruled and excepted to, and prayed and perfected this appeal.

Appellees insist that no questions are properly presented to this court for consideration, for the reason that appellant's brief does not comply with Rule 18, Clause 6 of the Rules of the Supreme and Appellate Courts of Indiana adopted June 21, 1937. Our examination, however, discloses a substantial compliance with the rules pertaining to the preparation of briefs, and we conclude that the brief is sufficient to meet the requirements prescribed by the rules.

Appellant questions the action of the Perry Circuit

Court in ordering the venue of the cause changed to Warrick County and the action of the Warrick Circuit Court in assuming jurisdiction to try the cause, upon the ground that the Perry Circuit Court, after granting the application for a change of venue from the county, submitted to the parties as the counties from which to strike, in the selection of a county to which the cause should be changed, the counties of Dubois, Crawford, and Warrick; that Warrick County should not have been nominated by the court for the reason that said county was not an adjoining county to the county of Perry.

In determining the propriety of the Perry Circuit Court in ordering the venue of the cause changed to Warrick County, it is to be observed that there are only three counties adjoining Perry County in the State of Indiana. They are Dubois, Crawford, and Spencer. It is to be observed further that the cause had previously been venued to Perry County from Spencer County, the latter being one of the three adjoining counties.

In the case of *State ex rel. Kealing* v. *Clay Circuit Court* (1934), 207 Ind. 259, 263 192 N. E. 423, our Supreme Court said:

"When a change of venue is taken in a cause of action from any county having three or more counties and the cause is sent to another adjoining county and then the other party takes a change of venue from the latter county, it then becomes the duty of the court in the absence of an agreement, to submit to the parties a written list of all the counties adjoining the county from which the venue is changed so that they may strike off *except* the *county from which* the *venue was first taken.*"

Furthermore, the record discloses that the judge of the Perry Circuit Court, upon granting appellant's

motion for a change of venue from the county, submitted a list of three counties from which the parties were to strike; that appellant and her codefendant struck the county of Dubois and the plaintiffs below struck the county of Crawford; that the judge of the Perry Circuit Court after selecting Warrick County as the county to which the venue would be changed and ordering the venue so changed, fixed the time within which the change might be perfected, following which action the clerk of said court certified the cause to the Warrick Circuit Court and appellant paid the cost of the change. Under such circumstances as disclosed by the record, appellant is not in a position to assert that the cause is not properly in the Warrick Circuit Court. *State ex rel. Stoner, Auditor* v. *Jasper Circuit Court* (1936), 210 Ind. 634, 4 N. E. (2d) 552.

Appellant has assigned in her motion for a new trial alleged error of the trial court in admitting into evidence, over her objection and exception, each of appellees' Exhibits Nos. 2, 3, 4, 5, 6, 7, 8, 9, and 10. Exhibit No. 2 is a certified copy of a petition by appellees George and Henry Gerlach for the appointment of a guardian for Catherine Gerlach on account of age and infirmity. Exhibit No. 3 is a certified copy of a decree of the Spencer Circuit Court appointing a guardian for Catherine Gerlach on the petition identified as Exhibit No. 2. Exhibit No. 4 is a certified copy of the record showing the qualification of the Old Rockport State Bank as guardian of Catherine Gerlach. Exhibits Nos. 5, 6, 7, and 8 are the pleadings filed in an action instituted by the Old Rockport State Bank, guardian of Catherine Gerlach, as plaintiff, against Emma J. Fella and James G. Hill, as defendants. Exhibit No. 9 is a certified copy of the special finding of facts and conclusions of law of the court

in the action disclosed by Exhibits Nos. 5, 6, 7, and 8, and Exhibit No. 10 is a certified copy of the judgment upon the finding of facts and conclusions of law by the court as disclosed by Exhibit No. 9.

The several exhibits which were admitted into evidence and of which appellant complains, disclose that on November 5, 1928, appellees George and Henry Gerlach filed their petition for the appointment of a guardian for Catherine Gerlach on account of age and infirmity; that on January 23, 1929, the court entered a judgment in the proceedings appointing a guardian for Catherine Gerlach; and that on the same date the Old Rockport State Bank qualified as her guardian; that on August 20, 1929, said guardian instituted an action by a complaint in three paragraphs, for money had and received and for an accounting, against Emma J. Fella and James G. Hill, to which action said defendants addressed an answer of general denial. In the trial of the cause, the court, on May 15, 1931, made a special finding of facts and stated its conclusions of law. In finding the facts specially, the court found that at the time the defendant Emma J. Fella received the sum of $15,000, and at the time she turned this sum over to James Hill, the said Catherine Gerlach was a person of unsound mind; that at the time the defendants turned over the bonds, certificate of deposit, and cash on November 12, 1928, and procured from Catherine Gerlach a receipt therefor, the said Catherine Gerlach was a person of unsound mind; and that the defendants knew that said Catherine Gerlach was a person of unsound mind when they procured the said sum of $15,000 from her and knew that she was of unsound mind when the bonds and other assets were turned over to her and they procured a receipt from her on November 12, 1928. The court, by its conclusions of law, concluded that the plaintiff

in said action should recover a money judgment against the defendants in the sum of $13,561.85, and entered judgment in accordance with the conclusions of law.

The will in controversy bore date of April 21, 1926.

Appellees contend that the several exhibits complained of were properly admitted in evidence for the consideration of the jury in determining the mental capacity of the testatrix at the time of the execution of the will, under the general rule that any and all facts and circumstances which tend to show her mental condition, both prior and subsequent to the execution of the will in contest, may be received in evidence. Appellees insist that furthermore the judgments as disclosed by said exhibits, "were binding upon appellant as a privy of the testatrix who was a party to each of said causes of action," and inasmuch as said judgments were admissible, the pleadings upon which the finding of facts and decrees were based were also admissible. Appellees concede that the exhibits complained of were not admitted upon the theory of the doctrine of *res judicata,* but urge that such evidence is proper as bearing upon the mental capacity of the testatrix at the time of the execution of the will.

Our Supreme Court has recognized as competent evidence to be introduced in an action to contest a will, as bearing upon the issues of the soundness or unsoundness of mind of the testator, a judgment of a court entered in a proceeding for the appointment of a guardian (§8-202 Burns 1933, §3460 Baldwin's 1934, Acts 1895, p. 205) declaring such person to be of unsound mind and incapable of managing his estate. *Harrison* v. *Bishop* (1892), 131 Ind. 161, 30 N. E. 1069; *Emry* v. *Beaver* (1922), 192 Ind. 471, 137 N.E. 55.

In reasoning that such evidence is competent to be introduced in an action to contest a will, the Supreme Court of Iowa in the case of *In Re Van Houten's Will* (1910), 147 Iowa 725, 124 N. W. 886, said at p. 732:

"It is manifest that such record cannot be admitted as evidence of a former adjudication in the ordinary sense of that term. It is more nearly like a proceeding in rem where, as a matter of public interest and right, and for his own protection, the mental competency of an individual is determined. If a person be insane, and thereby a menace to public safety, or, if not violent or dangerous, yet so mentally unsound that he is liable to waste his estate and become a public charge, the law provides methods by which the rights and interests of the public and of the insane person himself may be preserved and protected. . . . In neither case is the proceeding an adversary one in the sense that the plaintiff seeks or can be granted any relief against the defendant."

It may be stated as a general rule that a judicial record is not admissible where it is not relevant to any issue made by the pleadings in the action in which it is sought to be used or where it is sought to be used as against one not a party or privy to the former proceedings. A judgment is always evidence of the fact that such a judgment has been given, and of the legal consequences which result from that fact. This is true, whether the person against whom it was offered as evidence was a party to the action in which it was rendered or not. But when the judgment is offered not merely as evidence of its own existence, but as proof of some fact or facts upon the supposed existence of which the judgment was founded, the rule is very different. When the judgment is offered for this last named purpose, the general rule is that it is not binding upon anyone ex-

cept the parties thereto, those who might legally have become parties, and those in privity with them. *Maple v. Beach* (1873), 43 Ind. 51; *Hitt* v. *Carr* (1916), 62 Ind. App. 80, 109 N.E. 456.

It is admitted that the use sought to be made of the exhibits complained of is to show that the testatrix at the time she executed her will was a person of unsound mind; that although the guardianship proceedings did not involve the issue of unsoundness of mind, it is claimed to be competent as preliminary to the proceedings instituted by the guardian, for money had and received and an accounting, as disclosed by Exhibits Nos. 5, 6, 7, 8, 9, and 10. It is clear that the parties to this action, save and except Emma J. Fella, were not parties to the action instituted by the Old Rockport State Bank, as guardian of Catherine Gerlach, against James Hill and Emma J. Fella. They did not appear and had no opportunity to examine or cross-examine witnesses testifying at the trial of the cause, or offer evidence in their behalf; nor did they have an opportunity to appeal from the judgment. The pleadings presented no issue of soundness or unsoundness of mind. The only place in the entire record and proceedings' where the mental condition of Catherine Gerlach is referred to is in the special finding of facts. Obviously the parties to this action would not be bound by the judgment in that case. The judgment itself could not throw any light upon the issue as to the mental condition of the testatrix. It may be said that a judicial record should not be received when its effect might be improperly to influence the jury, nor should an entire record be admitted when only a few of the papers therein are relevant.

Most of the exhibits were inadmissible for any purpose. They were wholly irrelevant and immaterial as

to the issue in the present action. These exhibits were incompetent, as being hearsay. Manifestly their admission influenced the verdict of the jury, and it was error to admit them. For this reason the judgment is reversed, with instructions to sustain appellant's motion for a new trial.