State of Indiana ex rel. James L. Dale *v.* Superior Court of Boone County.

[No. 673 S 130. Filed August 7, 1973.]

*William Rex Morrel, Jr.,* of Crawfordsville, *Hollingsworth, Martin & Buchanan,* of Lebanon, for relator.

*Wayne L. Stalcup,* of Brownsburg, for respondent.

ARTERBURN, C.J.—This is an original action for a writ of prohibition based upon the following facts. The relator, James A. Dale, was sued for a divorce and a property settlement by his wife. The respondent Judge entered a judgment and a Decree of Final Divorce and property settlement on April 4, 1973. The court directed that each of the parties make transfer of certain real estate to each other and also provided that certain personal property, household goods, etc., should be delivered by the defendant to the plaintiff wife. Later, each of the parties complained to the court that the other had not complied with the court's order by tendering deeds of conveyance; and, in the wife's case, that the husband had not turned over the personal property to her. Each filed affidavits asking that the other be cited for contempt of court. The judge heard the contempt proceedings and found each guilty of contempt. However, as to the defendant Dale, he modified the divorce decree by awarding an alimony judgment to the plaintiff in the amount of $3450.00 in lieu of the personal property which the defendant had failed to turn over to the plaintiff. The court further directed that the defendant satisfy and pay this judgment by 8:45 a.m. on June 21, 1973, and failing to do so, the court would appoint a commissioner to sell certain property of the defendant to satisfy the judgment. The relator-defendant claims that the court had no power or authority to modify its judgment on its own motion and cites Trial Rule 60. There was no motion by either of the parties to modify the judgment in the divorce decree.

We find that the Rule referred to does not authorize a court on its own motion to modify or vacate a judgment except under paragraph "A" thereof entitled "Clerical Mistakes." It is agreed that this was not a clerical mistake. If the grounds for such modification or vacation of such a judgment fall under Paragraph (B) of Rule 60, it must be presented by a motion of the parties which specifically provides for a hearing under paragraph (D) thereof. This not being the case, the court had no power or authority to modify a judg-

ment on its own motion under the facts presented here. There is no question that the court had authority to enforce its judgment as originally made by contempt proceedings, but for some reason the court sought to alter the provisions of the judgment rather than to compel compliance with the original judgment.

We originally issued a temporary writ herein prohibiting the Respondent court from modifying its judgment on its own motion and that writ is now made permanent.

All justices concur.

NOTE.—Reported in 299 N. E. 2d 611.