JIMMIE LEE MARBURGER *v.* SHIRLEY ROGENE MARBURGER

[No. 1-1177A269. Filed March 7, 1978.]

*Robert S. Rifkin, Rifkin & Gilman*, of Indianapolis, for appellant.

*STATEMENT OF THE CASE*

LOWDERMILK, J. — Respondent-appellant Jimmie Lee Marburger (Jimmie) appeals from a judgment resulting from a contempt

proceeding wherein he was ordered to pay $250 to his former wife, petitioner-appellee Shirley Rogene Marburger (Shirley), to compensate her for attorney's fees which she incurred as a result of Jimmie's failure to fully comply with an order contained in a dissolution decree eleven months earlier.

## FACTS

Jimmie and Shirley were married on November 8, 1971, and their marriage was dissolved on March 29, 1976. In its dissolution decree the trial court incorporated a property settlement agreement which had been executed by the parties. The relevant portion of that agreement reads as follows:

"That respondent, Jimmie Lee Marburger, will wholly assume all debts incurred during this marriage including the following: Automobile loans from the Indiana National Bank; loan on mobile home to General Electric Credit Corporation, which said home is in respondent's possession; and accounts of Sears, Roebuck & Co., J. C. Penney Co., and Liberty Loan Company."

For approximately three months after the dissolution decree Jimmie attempted to comply with the court's order to pay the debts which Jimmie and Shirley had incurred during their marriage. On June 17, 1976, as a result of his inability to meet his obligations, Jimmie filed a voluntary petition in bankruptcy, listing the debts incurred during his marriage to Shirley, but failing to list, as a separate obligation, his duty to hold Shirley harmless on those debts assumed in the property settlement agreement. On that same day Jimmie was duly adjudged a bankrupt, and was later discharged from paying the debts incurred by Jimmie and Shirley during their marriage.

At some time prior to July 1977 General Electric Credit Corporation obtained a judgment against Shirley in that she was a joint obligor upn the debt assumed by Jimmie. Following this judgment, Shirley petitioned for bankruptcy. Shirley's attorney's fees for filing the bankruptcy petition amounted to $250.

On May 19, 1977 Shirley commenced contempt proceedings against Jimmie, alleging that Jimmie failed to comply with that

portion of the court approved property settlement agreement which required Jimmie to pay the debts incurred by the parties during their marraige. Thereafter Jimmie filed a motion to dismiss the petition on the ground that a finding of contempt in the case at bar would constitute imprisonment for debt and therefore be unconstitutional. After holding a hearing on Shirley's petition for contempt, the court ordered Jimmie to pay Shirley $250 to reimburse her for the attorney's fees which she paid to have her petition for bankruptcy filed which, Shirley alleged, was necessitated by Jimmie's failure to pay the parties' joint debts, pursuant to the court approved property settlement agreement.

Jimmie appeals from the court's decision which held him in contempt and ordered him to pay the $250 attorney's fees which Shirley was required to pay in petitioning for bankruptcy.

## ISSUES

The issues which have been presented to this court for review are as follows:

1.  Whether Jimmie's obligation to pay certain debts incurred by him and Shirley during their marriage, as required by the terms of a binding property settlement agreement, is enforceable by contempt proceedings.

2.  Whether the court erred in finding that Jimmie agreed to hold Shirley harmless from the debts incurred by the parties during their marriage and in ordering Jimmie to pay $250.00 to Shirley to reimburse her for attorney's fees expended in filing a petition in bankruptcy.

## DISCUSSION AND DECISION

*Issues One and Two*

Jimmie contends that the trial court erred in overruling his motion to dismiss for the reason that, in the case at bar, a finding of contempt based on Jimmie's failure to pay the debts assumed in the court approved property settlement agreement would be violative of the constitutional provisions which prohibit imprisonment for debt.[1] We do not agree.

---

1.  See IND. CONST., art. 1, § 22.

In *Linton v. Linton* (1975), 166 Ind. App. 409, 336 N.E.2d 687, 692-693, this court summarized the Indiana Law concerning the enforcement of alimony awards through contempt proceedings as follows:

> "It has long been the rule in Indiana that alimony decrees which take the form of a simple money judgment are not enforceable through contempt. *Marsh v. Marsh* (1904), 162 Ind. 210, 70 N.E. 154. Enforcement through contempt would constitute imprisonment for debt in violation of Article 1, § 22, of the Indiana Constitution. Appellee contends that two recent cases, *State ex rel. Schutz v. Marion Superior Court, Room No. 7* (1974), Ind., 307 N.E.2d 53; and *Wellington v. Wellington* (1973), 158 Ind. App. 649, 304 N.E.2d 347 (trans. den. 5/21/74), have sufficiently modified the law to allow contempt as a remedy in this case. *See also State ex rel. Roberts v. Morgan Circuit Court* (1968), 249 Ind. 649, 232 N.E.2d 871. . . .

> In *Roberts* and *Schutz*, the Supreme Court drew a distinction between enforcement of alimony which is a simple specific sum money judgment awarded to the spouse, and enforcement of alimony which requires other types of payments or property transfer, e.g., an order for conveyance of real estate, or to pay creditors of the spouse. When the latter type alimony award has been made, contempt may be a proper means of enforcement. . . ." (Original emphasis)

Under *Linton, supra*, the court order, wherein Jimmie was ordered to pay the joint debts of the parties, was enforceable by contempt proceedings.

Jimmie contends that his discharge in bankruptcy on those debts which he had assumed in the court approved property settlement agreement precluded the trial court from enforcing the property settlement agreement. We do not agree.

It is correct that Jimmie's obligation to his and Shirley's creditors was discharged in bankruptcy. However, because of Jimmie's failure to list on the schedules accompanying his bankruptcy petition his obligation to hold Shirley harmless on the joint debts of the parties which were incurred during their marriage, he was not discharged as to that obligation.[2] Therefore, Jimmie's obligation

---

2.  It is clear from the record that Jimmie's assumption of the parties' debts

to hold Shirley harmless on those debts survived the bankruptcy and was still enforceable. See 11 U.S.C. § 35(3).

If Shirley as a co-obligor, had paid the debts of the marriage instead of petitioning for bankrupcty, then Jimmie would have been obligated to reimburse her because of the obligation imposed upon him by the court approved property settlement agreement, and the court could have used its contempt powers to enforce its prior order. However, for the reason that Shirley chose to petition for bankruptcy, instead of paying the debts, she failed to show that she was damaged by Jimmie's failure to hold her harmless against those debts. The record indicates that her only expenditure which proximately resulted from Jimmie's failure to fulfill his obligation to her was the $250 in attorney's fees required to have the bankruptcy petition filed. Since attorney's fees are not properly includable as damages in the absence of a statute or a contract allowing such,[3] then we must hold that the court erred in requiring Jimmie to pay the attorney's fees which Shirley incurred in filing her petition for bankruptcy.[4]

In *Duemling v. Fort Wayne Community Concerts, Inc.* (1963), 243 Ind. 521, 524-525, 188 N.E.2d 274, our Supreme Court stated:

"A civil contempt is a violation of a court order which results in a proceeding for the benefit of the aggrieved party. It is not an offense primarily against the dignity of the court, but rather is for the benefit of the party who has been injured or damaged

---

was part of a property settlement agreement and not an agreement to pay support to his former wife. The obligation would therefore have been dischargeable in bankruptcy. See generally 74 A.L.R.2d 758.

3. See *Gavin v. Miller* (1944), 222 Ind. 459, 54 N.E.2d 277, 280.

4. It should be noted that attorney's fees are recoverable in a contempt proceeding for work which was performed in that proceeding or in otherwise enforcing a court order upon which that proceeding is based. See *Trotcky v. Van Sickle* (1949), 227 Ind. 441, 85 N.E.2d 638, and IC 1971, 34-1-10-11 (Burns Code Ed.) We hold, however, that where, as in the case at bar, attorney's fees were incurred by a petitioner in a contempt proceeding, not for the purpose of enforcing an order or agreement, but rather for the purpose of seeking voluntary bankruptcy to protect that petitioner from suffering damages which resulted from a breach by the respondent in a contempt proceeding, such attorney's fees are not damages as contemplated by *Trotcky, supra,* and by IC 34-1-10-11, *supra. Trotcky, supra,* and IC 34-1-10-11, *supra,* allow attorney's fees to a petitioner in a contempt proceeding after contempt has been otherwise proven, and not as the sole element of damages upon which a finding of contempt can be based.

by the failure of another to conform to a court order issued for the private benefit of the aggrieved party. Therefore, as pointed out in *Denny v. State* (1932), 203 Ind. 682, 182 N.E. 313, the primary objective of a civil contempt proceeding is not to punish the defendant, but rather to coerce action for the benefit of the aggrieved party. Punishment in the form of imprisonment or a fine levied against the defendant, which goes to the State and not to the injured party, is characteristic of a criminal proceeding. In a civil contempt action the fine is to be paid to the aggrieved party, and imprisonment is for the purpose of coercing compliance with the order."

In the case at bar the record does not demonstrate that Shirley was damaged by Jimmie's failure to pay the joint debts of the parties, except for the $250 in attorney's fees which she paid for the filing of her petition for bankruptcy. In light of the fact that attorney's fees are not properly includable in assessing damages, we must conclude from the record that Shirley was not damaged in such a way that a finding of civil contempt against Jimmie would have in any way indemnified her against any loss which she may have suffered. We therefore hold that, under the circumstances as revealed by the record in the case at bar, the trial court erred in finding that Jimmie's failure to pay the debts, which he had previously assumed in the property settlement agreement, constituted an act of civl contempt. If the record had disclosed that Shirley had been damaged in some way other than the payment of attorney's fees for filing her petition for bankruptcy, then civil contempt would have been a proper remedy. Since the record did not disclose compensable damages, contempt was not a proper remedy.

Reversed and remanded.

Robertson, C.J. and Lybrook, J. Concur.

NOTE—Reported at 372 N.E.2d 1250.