**In re the Marriage of Dennis TOKASH, Appellant (Respondent Below),**

v.

**Tamara TOKASH, Appellee (Petitioner Below).**

No. 3–183A1.

Court of Appeals of Indiana, Third District.

Jan. 3, 1984.

Rehearing Denied Feb. 24, 1984.

Transfer Denied April 23, 1984.

Timothy M. Bemis, Griffith, for appellant.

Lowell E. Enslen, Gary K. Matthews, Hammond, for appellee.

HOFFMAN, Presiding Judge.

The marriage of Tamara and Dennis Tokash was dissolved by the trial court on July 11, 1980. In dividing the marital property of the parties, the trial court ordered Dennis to pay Tamara $4,000 or transfer a Ford Bronco in question to her and to hold her harmless from certain debts owed jointly to the Hammond National Company. On November 5, 1980, Dennis filed a voluntary bankruptcy petition. When Dennis failed to comply with certain portions of the dissolution decree, Tamara sought to enforce the decree through contempt proceedings. On appeal, Dennis contends that the discharge in bankruptcy allows him to avoid these obligations and that the trial court erred in determining that his obligations to Tamara were enforceable.

The $822.50 debt to Hammond National Company and the $4,090 debt to Tamara were discharged in bankruptcy pursuant to Dennis' petition, because the debts were not support, alimony, or maintenance. However, transfer of the Bronco and Dennis' obligation to hold Tamara harmless on the Hammond National Company debt were not discharged.

■ The trial court at the time of the dissolution ordered Dennis to surrender the possession of the title to the Ford Bronco within 30 days or pay Tamara the sum of $4,000 in lieu of said vehicle within the same period of time. He did neither. Instead, approximately 45 days later, he filed bankruptcy, listing Tamara as an unsecured creditor for the $4,000 amount. Tamara is not entitled to the $4,000 but she is still entitled to receipt of the Bronco. This was a conveyance Dennis was ordered to make, and the trial court has the authority to enforce its orders by means of contempt proceedings. *In re Perrello*, (1973) 260 Ind. 26, 291 N.E.2d 698; *Duemling v. Fort Wayne Community Concerts, Inc.*, (1963) 243 Ind. 521, 188 N.E.2d 274. The bankruptcy court had no authority over and did not address the conveyance of the Bronco. It is a valid order which still stands and which may be enforced via contempt proceedings.

■ Dennis claims he does not own the Bronco and that he did not own the Bronco at the time of the dissolution decree, but rather, that he transferred ownership of the vehicle to his father. Obviously, Dennis did not meet his burden of proof on lack of ownership because the trial court ordered Dennis to convey the vehicle to Tamara. Dennis did not appeal that original order, and thus he cannot argue on appeal now that he does not own the Bronco.

■ Dennis fails to comprehend that he is bound by the law of the case, *i.e.*, for the purpose of determining whether he is in contempt of court it has already been determined that he is the owner of the Bronco. Even if the trial court's original judgment was erroneous, it nevertheless becomes the law of the case and thereafter binds the parties unless it is successfully challenged on appeal. *Cunningham v. Hiles*, (1982) Ind.App., 439 N.E.2d 669.

■ Much the same is true with respect to Dennis' obligation to hold Tamara harmless on the Hammond National Company debt. In *Marburger v. Marburger*, (1978) 175 Ind.App. 612, at 615–616, 372 N.E.2d 1250, at 1252, this Court held:

"Jimmie contends that his discharge in bankruptcy on those debts which he had assumed in the court approved property settlement agreement precluded the trial court from enforcing the property settlement agreement. We do not agree.

"It is correct that Jimmie's obligation to his and Shirley's creditors was discharged in bankruptcy. However, *because of Jimmie's failure to list on the schedules accompanying his bankruptcy petition his obligation to hold Shirley harmless on the joint debts of the parties which were incurred during their marriage, he was not discharged as to that obligation.* Therefore, Jimmie's obligation to hold Shirley harmless on those debts survived the bankruptcy and was still enforceable. *See* 11 U.S.C. § 35(a)(3).

"If Shirley as a co-obligor, had paid the debts of the marriage instead of petitioning for bankruptcy, then Jimmie would have been obligated to reimburse her because of the obligation imposed upon him by the court approved property settlement agreement, and the court could have used its contempt powers to enforce its prior order."[1] (Emphasis added.)

The record in this case discloses that Dennis listed Tamara as an unsecured creditor for $4,090 in his bankruptcy petition, but failed to list on the accompanying schedules his obligation to hold Tamara harmless. Therefore, that obligation is still enforceable. Tamara paid the debt to Hammond National Company and therefore, pursuant to *Marburger,* Dennis is obligated to reimburse her, and the trial court may use its contempt power to enforce its prior order.

The discharge of Dennis' debts by the bankruptcy court did not affect Dennis' obligation to convey the Bronco to Tamara and to hold her harmless on the debt to Hammond National Company. The trial court has the power to enforce its prior order, and therefore the judgment of the trial court is affirmed.[2]

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent. The issue presented in this appeal is simple:

Whether Dennis's discharge in bankruptcy prevents the collection of certain property settlements debts owed to Tamara.

### I.

### Bronco

From the outset of the divorce proceeding, Dennis maintained that he has no ownership rights in the Bronco, and that it is now owned by his father and sister. Eventually, Tamara agreed that Dennis did not own the Bronco, alleging that Dennis fraudulently conveyed the Bronco to his father. Tamara sought to join the father as an additional defendant and have the conveyance set aside. Curiously, the trial court denied Tamara's motion to join the father, made no finding that the conveyance was fraudulent, but found that the Bronco was marital property. From this sequence of events the majority concludes that the law of the case is that Dennis owns the Bronco. As interesting as this conclusion is, it is entirely irrelevant, because with regard to the Bronco the trial court gave Dennis the following option:

"With regard to the following items, the following items only, hisband [*sic*] shall have the following options:

The Husband is ordered to surrender the possession of the title to the Ford Bronco vehicle of the parties to the wife within thirty (30) days of entry of this decree or pay her the sum of $4,000.00 in lieu of said vehicle within the same period of time....

Although this Court has approved the use of alternative judgments under certain circumstances, *Cox v. Schlachter* (1970), 147 Ind.App. 530, 262 N.E.2d 550, 554, as a

1. 11 U.S.C. § 35(a)(3) which is referred to in the quotation cited is now found at 11 U.S.C. § 523(a)(3).

2. It is also within the authority of the federal courts involved in bankruptcy proceedings to provide relief in a situation such as this as exemplified in the case of *In re: Peters,* No. H79–205 (N.D.I. Sept. 5, 1980).

general rule, they are viewed with disfavor. 49 C.J.S. Judgments § 74. Unfortunately, the majority has seized the opportunity to use this alternative judgment to unnecessarily confuse and otherwise simple issue.

The trial judge gave Dennis the option to discharge this particular property settlement obligation in one of two ways—by transferring the Bronco or by paying $4,000. This option belonged to *Dennis* and he elected to treat the obligation as a $4,000 money debt. As a property settlement obligation, this debt was dischargeable in bankruptcy. *Nichols v. Hensler* (7th Cir.1976), 528 F.2d 304. Dennis listed that debt in his bankruptcy petition and his discharge thereon enjoins its collection. 11 U.S.C. § 524(a)(2) (Supp.V 1981).[1] The trial court's finding that

> "[Dennis's] filing of a bankruptcy petition and his discharge thereon does not negate this Court's power to enforce compliance of previous orders of this Court wherein the marital assets were divided and an equitable division of the marital debts was allocated between the parties...."

flies in the face of § 524(a) of the Bankruptcy Code and should be reversed. The majority's resort to contrived legal arguments is an attempt to circumvent the effect of Dennis's discharge in bankruptcy is regrettable.

## II.

### Hammond National Debt

Having discovered that Dennis failed to separately list in his bankruptcy petition his obligation to hold Tamara harmless from the Hammond National debt, the ma-

jority affirms the trial court's conclusion that Dennis's discharge in bankruptcy does not prevent it from enforcing that obligation. In so doing, the majority misconstrues section 523(a)(3) of the Bankruptcy Code.

11 U.S.C. § 523(a)(3)(A) provides:

> "(a) A discharge under section 727, 1141, or 1328(b) of this title ... does not discharge an individual debtor from any debt—
>
> \*  \*  \*  \*  \*  \*
>
> "(3) neither listed nor scheduled under section 521(1) of this title ... with the name, if known to the debtor, of the creditor to whom such debt is owned, in time to permit—
>
> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, *unless such creditor had notice or actual knowledge of the case in time for such timely filing*[.]" (Emphasis added.)

A creditor who seeks to employ this section to avoid the effect of the debtor's discharge in bankruptcy must first come forward with proof that the debt was not properly scheduled. If the creditor meets that burden, the debtor may nonetheless retain the protection of his discharge by showing that the creditor had notice or actual knowledge of the bankruptcy proceeding. *Hill v. Smith* (1923), 260 U.S. 592, 594–95, 43 S.Ct. 219, 219–220, 67 L.Ed. 419; *In re Brown* (Bkrtcy.Ohio 1982), 27 B.R. 151, 153.

Tamara never sought to have Dennis's obligation to hold her harmless declared not-dischargeable under section 523(a)(3);[2]

---

**1.** 11 U.S.C. § 524(a)(2) reads:

"(a) A discharge in a case under this title...

\*  \*  \*  \*  \*  \*

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived[.]"

**2.** Throughout this case, Tamara's theory has been that regardless of Dennis's discharge in

bankruptcy, the trial court has the power to enforce the property settlement obligations it imposed upon Dennis. In support of this theory, Tamara relies on a case called *Peters v. Peters*. In that case, a bankruptcy court held that even though a debt is discharged in bankruptcy, a court can compel the debtor to pay those debts. That ruling was appealed to a federal district court which held that it was not error for the bankruptcy court to refuse to stay the related state court proceeding. Neither of these decisions is published; thus, they are of no precedential value.

thus, it is not surprising that she did not introduce evidence that this debt was not duly scheduled.[3] Because Tamara failed to come forward with proof that this debt was not duly scheduled,[4] the majority's reliance on section 523(a)(3) to declare the debt not dischargeable is erroneous. The obligation to hold Tamara harmless was discharged in bankruptcy. 11 U.S.C. § 727(b). The judgment of the trial court should be reversed.

**3.** The following testimony of Tamara constitutes all of the evidence she presented regarding this debt:

"Q. Now have you been required since your husband's bankruptcy to pay another bill that your husband was ordered to pay and save and hold you harmless on?

"A. Yes, I was.

"Q. What bill was that?

"A. Hammond National.

"Q. How much was that bill for?

"A. It was a little over Eight Hundred Dollars.

"Q. And have you paid on that?

"A. Yes, Sixty Dollars a month.

"Q. And how much have you paid so far?

"A. Over seven hundred.

"Q. And you have one or two payments left?

"A. Right."

**4.** The majority was able to discover that this debt was not listed separately because a copy of Dennis's bankruptcy petition is included in the record. It is attached as an exhibit to a brief, filed by Dennis, addressing the issue whether the trial court could enforce obligations which were discharged in bankruptcy. However, a copy of Dennis's bankruptcy petition was not offered into evidence at trial. Therefore, it may not be relied upon by this Court as evidence supporting the trial court's judgment. *Cf. Bowling v. Holdeman* (1980), Ind.App., 413 N.E.2d 1010, 1013 (interrogatories not offered into evidence may not be considered for the purpose of determining whether there was sufficient evidence to avoid a judgment on the evidence).