**Harry R. THOMPSON, Appellant
(Respondent Below),**

v.

**Mable L. THOMPSON, Appellee
(Petitioner Below).**

No. 4–782A187.

Court of Appeals of Indiana,
Fourth District.

Jan. 12, 1984.

that we will not retain jurisdiction over this remand.

Dean S. Eveland, Kenneth C. Kern and Associates, Indianapolis, for appellant.

Mary B. Goss, Washington, for appellee.

YOUNG, Judge.

Mable L. Thompson initiated this contempt action against Harry R. Thompson, seeking to enforce an earlier decree entered on the dissolution of the parties' marriage. The trial court found Harry in contempt and entered judgment accordingly. Harry appeals, raising several issues. Because we find that the court's order exceeded the scope of its contempt power, however, we need only address the proper use of contempt in enforcing dissolution decrees.

We reverse.

The facts relevant to this appeal are as follows. Harry and Mable's marriage was dissolved on June 24, 1981. The final dissolution decree, entered on that date, gave Mable custody of the parties' daughter, Kim. It also awarded Mable the marital home, requiring Harry to pay the mortgage. Further, the decree required Harry to maintain health insurance for Mable and his daughter, to pay $50.00 per week in child support, and to pay Mable $100.00 per week for maintenance. Finally, the decree allowed Mable and Harry to keep their personal property and ordered that certain business property be sold by commissioners to pay the marital debts, with any remaining profits to be split between Mable and Harry. Neither party appealed from this judgment.

On November 12, 1981, Mable filed a contempt petition charging that Harry had not paid support and maintenance, made past due mortgage payments, or maintained health insurance for Mable and Kim. After a hearing, the court found Harry had indeed disobeyed the decree as charged in the petition and found Harry in contempt of court. The court then made the following order:

The Court now further finds that to prevent further harm to the Petitioner as a result of the Respondent's contempt that the dissolution decree of June 24, 1981, must be modified to provide for additional assets to be awarded to the Petitioner so that Petitioner may have a better possibility of paying debts and obligations incurred. The Court now therefore orders that the decree of June 24, 1981, be modified, and that all property listed therein to be taken and sold by Co-Commissioners that is remaining and still in Commissioners' possession, now be awarded to the original Petitioner, Mable L. Thompson, for her use and benefit. . . . Court now further modifies the original decree and orders the respondent to assume and pay all medical, doctor, hospitalization, and prescription expenses incurred by the Petitioner, and not paid since June 18, 1980, and he is to save and hold Petitioner free and harmless from any further liability thereon. Court further orders Respondent to assume and pay all medical, doctor, hospitalization and prescription expenses incurred by the Petitioner as bills and receipts are

submitted to him. Court orders that Respondent's obligation for medical related expenses incurred and to be incurred by the Petitioner are for the support and maintenance of the Petitioner in addition to the weekly payment heretofore ordered by this Court. . . . Court now confirms the decree of June 24, 1981 in all other respects.

It is from this order that Harry appeals.

 Harry's first contention on appeal is that contempt is not a proper remedy for his failure to provide insurance, pay the mortgage, or pay support and maintenance. We disagree. Because the Indiana Constitution art. 1, § 22 forbids imprisonment for debt, it has been held that contempt may not be used to enforce a dissolution decree ordering one party to pay the other a fixed sum of money, either in a lump sum or installments. *State ex rel. Shaunki v. Endsley,* (1977) 266 Ind. 267, 362 N.E.2d 153; *State ex rel. Schutz v. Marion Superior Court,* (1974) 261 Ind. 535, 307 N.E.2d 53; *Neal v. Neal,* (1980) Ind.App., 412 N.E.2d 319. These cases rest on the theory that such a money judgment, like any other judgment debt, may be enforced by execution. *Bahre v. Bahre,* (1967) 248 Ind. 656, 230 N.E.2d 411; *Neal v. Neal, supra.* Nevertheless, contempt may be used to enforce a court's decree that one party transfer property to the other, *State ex rel. Dale v. Boone Superior Court,* (1973) 260 Ind. 661, 299 N.E.2d 611, or pay the other's creditors, *Marburger v. Marburger,* (1978) 175 Ind.App. 612, 372 N.E.2d 1250. A child support order may also be enforced by contempt. *E.G., Isler v. Isler,* (1981) Ind. App., 422 N.E.2d 416; *Jahn v. Jahn,* (1979) 179 Ind.App. 368, 385 N.E.2d 488. Under these latter cases, contempt was a proper remedy for Harry's failure to pay the mortgage, provide health insurance, and pay child support.

A remaining question is whether the court's order to pay maintenance to Mable under Ind.Code 31–1–11.5–9(c) was also enforceable by contempt. Although no Indiana case has decided this question, it seems clear that an order to pay maintenance is enforceable by contempt. Unlike the money judgments in *Neal* and *State ex rel. Shutz, supra,* maintenance orders differ from ordinary judgment debts in that they are open-ended and subject to modification. Orders to pay maintenance are thus very similar to child support orders, which have long been held enforceable by contempt notwithstanding Ind. Const. art. 1, § 22. *Perry v. Pernet,* (1905) 165 Ind. 67, 74 N.E. 609; *Stonehill v. Stonehill,* (1896) 146 Ind. 445, 45 N.E. 600; *see also Libertowski v. Hojara,* (1967) 141 Ind.App. 439, 228 N.E.2d 422 (imprisonment for non-payment of support for illegitimate child constitutionally permissible). Thus, the trial court here properly used its contempt powers to enforce its prior order to pay maintenance.

 Harry next argues that, even if he was in contempt, the trial court had no authority to modify its prior property division to give Mable all the remaining marital property. Harry contends that this order violates Ind.Code 31–1–11.5–17(a), which provides that "orders as to property disposition [under Ind.Code 31–1–11.5–9] . . . may not be revoked or modified, except in case of fraud. . . ." We agree. Because the trial court made no finding that Harry was guilty of fraud, it clearly had no authority under Ind.Code 31–1–11.5–17(a) to modify its original property division decree.

 Nor does the trial court's inherent contempt power justify its ruling here. The only proper goal of a civil contempt proceeding such as this is to protect the rights, under the original court order, of those it was meant to benefit. *Chadwick v. Alleshouse,* (1968) 250 Ind. 348, 353, 233 N.E.2d 162, 165. Thus, one held in contempt for failing to pay support should be ordered to pay the total arrearage and given an opportunity to purge himself of contempt by paying the amount owed. *See Jahn v. Jahn, supra.* Similarly, one held in contempt for violating an injunction may be ordered to pay consequential damages for any loss caused by his noncompliance. *See Thomas v. Woollen,* (1971) 255 Ind. 612, 266 N.E.2d 20; *Bottoms v. B & M Coal Corp.,* (1980) Ind.App., 405 N.E.2d 82. Under these cases, the trial court here

should have ordered Harry to pay Mable a fixed sum of money calculated to satisfy the support and maintenance arrearages and to compensate Mable for any loss caused by his failure to buy insurance or pay the mortgage.

The trial court, however, chose instead to modify its original decree to give Mable most of the marital assets. Although the court's reason for doing so was to give Mable "a better possibility of paying debts and obligations incurred," such an order bears little relation to the purpose of a civil contempt proceeding—enforcement of the trial court's original order. Faced with similar facts, our supreme court has held that the trial court in a contempt proceeding has no authority to modify the dissolution decree it was called upon to enforce. *State ex rel. Dale v. Boone Superior Court,* (1973) 260 Ind. 661, 299 N.E.2d 611. We accordingly hold that the trial court's order shifting the parties' remaining marital assets to Mable exceeded the court's contempt powers and violated Ind.Code 31–1–11.5–17(a).

The trial court's judgment is reversed.

CONOVER, P.J., and MILLER, J., concur.