**Carlo B. COLEMAN, Appellant (Petitioner Below),**

v.

**Gayle M. COLEMAN, Appellee (Respondent Below).**

No. 72A04–8812–CV–425.

Court of Appeals of Indiana, Fourth District.

May 31, 1989.

James B. Railing, Railing & Mullineaux, Scottsburg, for appellant.

Rebecca S. Ward, Jeffersonville, for appellee.

CONOVER, Presiding Judge.

Petitioner–Appellant Carlo B. Coleman (Carlo) appeals the trial court's finding of contempt for failing to pay monthly installments to Gayle M. Coleman (Gayle) pursuant to a property settlement agreement incorporated into their final decree of dissolution.

We reverse.

Three issues are presented for our review which we restate as one:

whether the trial court erred in finding the payment of the monthly installments is enforceable by a contempt citation.

An agreement dividing property was incorporated into the parties' final dissolution decree. That agreement provided Carlo pay Gayle $55,500 in 111 monthly installments of $500. In consideration, Carlo was to receive real estate. Carlo failed to make the agreed payments.

Gayle filed several affidavits seeking a rule to show cause. Carlo failed to appear at a hearing set on the last affidavit Gayle filed and a writ of attachment was issued. The trial court found Carlo in contempt and he was placed in jail.

Subsequently, Carlo filed a memorandum in opposition to the affidavit for rule to show cause asserting the payments were in the nature of a money judgment. He argued the failure to make such payments is not punishable by contempt proceedings. The trial court denied this motion finding the payments were in the nature of maintenance.

Carlo appeals.

In *Thompson v. Thompson* (1984), Ind. App., 458 N.E.2d 298, we stated:

Because the Indiana Constitution Article 1, Section 22 forbids imprisonment for debt, it has been held that contempt may not be used to enforce a dissolution decree ordering one party to pay the other a fixed sum of money, either in a lump sum or installments. These cases rest on the theory that such a money judgment, like any other judgment debt, may be enforced by execution. (Citations omitted).

*Id.* at 300; *State, ex rel. Pritam v. Endsley* (1977), 266 Ind. 267, 362 N.E.2d 153 (court held a money judgment in place of a property division, which was payable in installments is not enforceable by contempt).

The plain meaning of the agreement entered into by the parties establishes it was a property settlement. The final decree in item seventeen unequivocally states the parties entered into an "oral property settlement agreement." Item sixteen of the trial court's dissolution decree establishes it found the parties' agreement was a property settlement. The trial court's finding the payments were maintenance is therefore erroneous. Further, the plain meaning of the decree is the trial court ordered a $55,500 judgment in favor of Gayle in lieu of property settlement regarding the real estate. Accordingly, the trial court erred by finding Carlo in contempt for failure to pay the monthly installments.

Reversed.

CHEZEM and STATON, JJ., concur.