Alan J. DIEHLMANN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 53A04–8901–CR–16.

Court of Appeals of Indiana,
Fourth District.

June 19, 1989.

Patrick M. Schrems, Deputy Public Defender, Monroe County, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

CHEZEM, Judge.

### Case Summary

Defendant–Appellant, Diehlmann, appeals his conviction of Operating While Intoxicated, a class A misdemeanor. We affirm.

### Issues

I. Whether the trial court erred by not giving Defendant's final instruction # 1.

II. Whether there was sufficient evidence to sustain the conviction.

### Facts

On May 28, 1987, at approximately 2:30 A.M., Defendant was driving a 1977 blue Chevrolet Nova on Indiana Avenue in Bloomington, Indiana. Officers Joseph Flynn and David Kidd of the Indiana University Police Department were on patrol and observed the vehicle swerve and almost strike a curb. The officers also observed the vehicle swerve again and the vehicle almost struck a parked automobile.

The officers stopped Defendant's vehicle. They noticed Defendant had a strong odor of alcohol on his breath. Defendant had difficulty producing the registration of the automobile. The officers administered field sobriety tests upon Defendant, which Defendant did not pass. Defendant was given an implied consent advisement and he consented to a breathalyzer test. At the police station, Defendant did not give a sufficient breath sample; he blew around the intake tube.[1] Defendant was subsequently arrested for Operating While Intoxicated.

Defendant filed a verified petition for a hearing to determine whether Defendant refused to consent to a breath test; Defendant argued that he did not knowingly refuse to consent to a breath test and, thus, was not subject to the penalties found in

---

1. According to the physician who examined Defendant at the jail, Defendant had a swollen uvula, and thus, in his opinion, Defendant would have had some difficulty in taking the breathalyzer test. R. at 246.

I.C. 9–11–4–9. After the hearing, the trial court found that the "State failed to prove a willful refusal of the breathe (sic.) test."

The jury trial began on June 23, 1988. At the conclusion of the evidence, Defendant tendered his proposed final instruction # 1, which read as follows:

It is the law of the case and you must accept as true that Alan J. Diehlmann did not willfully refuse to take a breath test for intoxication. R. at 347.

The trial court refused the instruction. The jury deliberated and returned with a verdict of guilty. Defendant was sentenced to one hundred eighty days (180) in jail—one hundred seventy-eight (178) of which were suspended—and twelve (12) months of unsupervised probation.

## Discussion and Decision

### I

■ Defendant argues that the adjudication of the trial court, that Defendant did not willfully refuse to take a breath test, became the law of the case such that he was entitled to the refused instruction. The State counters that the instruction invades the province of the jury and that the instruction is outside the issues of the case.

We agree with the State's contentions. Defendant's reliance upon *Tokash v. Tokash* (1984), Ind.App., 458 N.E.2d 270, is misplaced. In *Tokash*, the husband in a dissolution action did not appeal the dissolution decree, even though it ordered him to convey title to personal property which he maintained no longer belonged to him. In an action for enforcement of the terms of the decree, the husband sought to assert the defense of non-ownership. This court held that since the husband did not appeal the decree, it had become the law of the case.

Such is not the case here. The breath test refusal phase of this case is actually a separate proceeding; the outcome of which is not dependent upon the result of the main charge, Operating While Intoxicated. The statute, I.C. 9–11–4–10, establishes a proceeding, instigated by the defendant, by which a person whose driving privileges have been automatically suspended, pursuant to I.C. 9–11–4–9, for failure to consent to a breath test, may request review of the automatic suspension. The proceeding is civil. *Harts v. State* (1982), Ind.App., 441 N.E.2d 714. Contrary to the decision of the trial court, the statute requires that the burden of proof be upon the defendant (petitioner in a breath test refusal hearing). We need not elaborate on the rule that determinations of a civil court, when offered to prove the underlying facts of the civil determination, are not admissible as evidence in a criminal proceeding. *Lasher v. Gerlach* (1939), 107 Ind.App. 572, 23 N.E.2d 296.[2] Thus, if the ruling of the trial court on Defendant's petition is not admissible as evidence at Defendant's criminal trial, the ruling can not be the law of the case in this proceeding.

Also, as the State argues, the proposed instruction would invade the province of the jury. The jury sits as the trier of fact and may weigh the evidence and make inferences upon facts adduced at trial. Such an instruction mandates an evidentiary conclusion and adds weight to a particular piece of evidence. *Gilmore v. State* (1981), Ind., 415 N.E.2d 70. As such the instruction was improper, and the trial court did not err by refusing it.

### II

■ Defendant next argues the conviction is not supported by sufficient evidence. When reviewing a claim for insufficiency of evidence to sustain a conviction, we do not judge the credibility of the witnesses or reweigh the evidence. Rather we will only look to the evidence most favorable to the judgment and all reasonable inferences to

2. The *Lasher* case also notes that such a judgment is binding upon the parties to that action. *Id.* Here, however, the parties to the review proceeding are different. In the review proceeding the respondent is the State *on relation of* the Commisioner of the Bureau of Motor Vehicles, who is represented in the proceeding by the prosecutor. I.C. 9–11–4–10(e). The real party in interest is the bureau. The bureau has no standing in, or any interest in the disposition of, the criminal proceeding. Thus, the result is not admissible, nor is it binding in the criminal proceeding.

be drawn therefrom. If there was substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *O'Connor v. State* (1988), Ind., 529 N.E.2d 331.

Here, there was ample evidence to sustain the conclusion of the jury. The arresting officers testified Defendant's breath had a strong odor of alcohol, the vehicle was driven in an erratic and dangerous manner, Defendant failed the field sobriety tests—both on the street and at the police headquarters and Defendant had great difficulty in producing the registration of the automobile. Defendant is actually asking us to reweigh the evidence. We will not do so.

Accordingly, the judgment of the trial court is affirmed.

CONOVER, P.J., and MILLER, J., concurring.