Dwight D. KIMBRELL, Appellant–Respondent,

v.

Kathryn Joan SECRIST, Appellee–Petitioner.

No. 57A03–9209–CV–316.

Court of Appeals of Indiana, Third District.

May 17, 1993.

M. Robert Benson, Timothy Logan, Michael E. Cook, Benson, Pantello, Morris & James, Fort Wayne, for appellant-respondent.

Timothy A. Miller, Grimm & Grimm, P.C., Auburn, for appellee-petitioner.

HOFFMAN, Judge.

Appellant-respondent Dwight D. Kimbrell appeals the trial court's judgment finding him in contempt of court and ordering him to endorse a $4,000.00 money order over to appellee-petitioner Kathryn Joan Secrist.

The facts relevant to the appeal disclose that Dwight and Kathryn lived together for approximately 17 years. Although they never married, Dwight and Kathryn agreed to divide their property in accordance with the provisions of the Dissolution of Marriage Act, IND. CODE § 31-1-11.5 (1988 Ed.) *et seq.* On October 25, 1990, the trial court issued findings of fact and conclusions of law which gave Kathryn, among other things, the proceeds from the sale of a Z28 Camaro and Dwight, among other things, the proceeds from the sale of a 1970 Monte Carlo. Dwight filed a Motion for Relief from Judgment on November 13, 1990, which the court denied on March 1, 1991. Dwight then appealed the division of property to this Court which affirmed the trial court's order by memorandum decision on January 27, 1992.

On March 6, 1992, Kathryn filed a Motion for Proceedings Supplemental seeking to enforce the trial court's order that Dwight turn certain property over to her. Dwight then filed a Motion for Turnover Order requesting the surrender of a $4,000.00 money order in Kathryn's possession representing the proceeds from the sale of the Monte Carlo. Subsequently, Kathryn filed a Motion for Entry *Nunc Pro Tunc* asking the court to correct its 1990 order so that the proceeds from the sale of the Monte Carlo would go to her rather than Dwight.[1] On June 16, 1992, the court denied Kathryn's Motion for Entry *Nunc Pro Tunc* and ordered her to turn the money order over to Dwight no later than July 1, 1992. Kathryn then obtained a Writ of Execution commanding the sheriff of Noble County to seize the money order so that it could be used to satisfy Dwight's obligation to her.

Dwight filed a Motion to Quash Writ of Execution on June 23, 1992. On August 10, 1992, Kathryn filed a petition for rule to show cause as to why Dwight should not be held in contempt of the court's 1990 order for failing to turn over the proceeds from the sale of the Camaro. After a hearing on August 13, 1992, the court granted Dwight's Motion to Quash but found him in contempt for failing to comply with its 1990 order. The court then ordered Dwight to endorse the money order over to Kathryn so as to comply with its order. This appeal ensued.

Dwight raises one issue for review which this Court restates as follows: whether the trial court erred in using its contempt power to modify its prior division of property.

■■■ Article 1, § 22 of the Indiana Constitution forbids imprisonment for debt; therefore, a court may not use its power of contempt to enforce a dissolution decree which orders one party to pay the other a fixed sum of money. *Chapman v. Chap-*

---

**1.** The record shows that Dwight spent the proceeds from the sale of the Camaro (also $4,000.00) prior to the court's division of property.

*man* (1987), Ind.App., 512 N.E.2d 414, 418. Here, the trial court granted Dwight's Motion to Quash Writ of Execution, noting that the original division of property in 1990 gave the parties "proceeds" from the sales of automobiles rather than a fixed sum of money. Consequently, the court was not enforcing the payment of a money judgment when it then found Dwight in contempt of its 1990 order. *Cf. Chapman* at 419. However, by requiring Dwight to endorse the money order over to Kathryn, the court modified its prior division of property.[2] A trial court in a contempt proceeding has no authority to modify the order it was called upon to enforce. *Thompson v. Thompson* (1984), Ind.App., 458 N.E.2d 298, 301.

In accordance with the above, this Court affirms the trial court's finding of contempt but reverses the endorsement order. The court may jail Dwight until he purges himself of contempt by complying with the 1990 property division order of turning over to Kathryn $4,000.00, being the sale price of the Camaro.

GARRARD, and BAKER, JJ., concur.

---

2. As previously mentioned, the court's 1990 order gave Dwight the proceeds from the sale of the Monte Carlo, and the money order represented the proceeds from that sale.