Charles A. WHITE, Appellant–Respondent,

v.

Ruth A. WHITE, Appellee–Petitioner.

No. 64A03–9511–CV–365.

Court of Appeals of Indiana.

June 14, 1996.

David L. Chidester, Valparaiso, for Appellant.

Brian J. Hurley, Valparaiso, for Appellee.

## OPINION

GARRARD, Judge.

When the marriage of Charles A. White (husband) and Ruth A. White (wife) was dissolved in 1987, the court ordered that husband pay and be responsible for debts then owing to a Visa account, Spiegel's and Chesterton State Bank and that he hold wife harmless from the payment thereof. The court further ordered that until the husband complied the parties would remain tenants-in-common of the parties' real estate in Valparaiso, Indiana, and that when he had complied, the wife should convey her interest in the real estate to the husband. Husband was awarded possession of the home in the interim.

In April, 1989, the husband filed a voluntary petition in bankruptcy, scheduling as debts the Visa bill, the Spiegel account and the hold harmless liability to the wife. (It appears that the debt to Chesterton State Bank had been paid by husband and is not an issue pertinent to this appeal.) On May 2, 1989 the wife filed a contempt citation against the husband, but all action on it was stayed pursuant to the automatic stay provision of the bankruptcy code. On January 5, 1990 husband was granted a bankruptcy discharge.

Then in May, 1995 the husband petitioned for an order requiring the wife to deed to him her interest in the above-mentioned real estate. The court held a hearing on July 24,

1995 at which time, without objection, it also considered the citation sought by the wife in 1989.

The evidence adduced at the hearing disclosed that the husband had been advised by the two creditors that their records indicated no sums owing on the two accounts and husband believed they had been written off. The wife's evidence, however, disclosed that she had in fact paid the Visa bill in the amount of $6565.83 and the Spiegel bill in the amount of $201.36 because they had sought payment from her as co-debtor.

As a consequence, the court found the husband in contempt for failing to hold the wife harmless as required by the dissolution order and determined that he purge himself by paying to the wife $10,038.70 as of July 31, 1995, including interest and attorney fees.

■ We agree with husband that the court erred in finding him in contempt.[1] Clearly, the bankruptcy discharged his personal liability on the scheduled debts to Spiegel and Visa. Moreover, and unlike the situation in *Marburger v. Marburger*, 175 Ind.App. 612, 372 N.E.2d 1250 (1978) the husband here scheduled his potential hold-harmless liability to the wife and thereby secured a discharge of his personal liability to her. He was, therefore not in contempt for failure to pay the debts in question either in the first instance or secondarily to the wife.

■ On the other hand, the court committed no error in refusing to require the wife to deed her interest in the real estate to the husband. We initially note that it has been the long established law that a discharge in bankruptcy releases the bankrupt from the obligation of his provable debts, not in the sense that the debts are paid or satisfied, but only that there is afforded the debtor a complete legal defense to actions on such debts if he chooses to avail himself of it. *In re Innis*, 140 F.2d 479 (7th Cir.1944), *cert. denied* 64 S.Ct. 1048, 322 U.S. 736, 88 L.Ed. 1569; *First Nat. Bank v. Pothuisje*, 217 Ind. 1, 25 N.E.2d 436 (1940). Thus, it is incorrect to

---

1. Husband initially argues the court was without jurisdiction because at the time of hearing his bankruptcy had not been closed. We disagree since pursuant to 11 U.S.C. Sec. 362(c)(2) the stay expired when his discharge was granted.

assert that the discharge constituted payment of the scheduled debts.

Pursuant to the divorce decree, the condition for the conveyance of wife's interest in the real estate was that the husband hold wife harmless from the payment of the specified debts. This he has not yet done, and the bankruptcy discharge had no effect upon the necessary performance of the condition. *Tokash v. Tokash,* 458 N.E.2d 270 (Ind.Ct.App. 1984).

Alternatively, the dissolution order may be viewed as imposing upon the real estate a lien in favor of the wife to secure the benefit of the requirement that she be held harmless from the payment of the debts in question. While the discharge operated to relieve husband of his personal liability to the wife and creditors, it does not prevent her from enforcing the lien attached to the real estate before the commencement of the bankruptcy proceedings. *Zachary v. Zachary,* 99 B.R. 916 (S.D.Ind.1989); *Ruth v. First Fed. Svgs. & Loan Ass'n,* 492 N.E.2d 1105 (Ind.Ct.App. 1986).

Accordingly, the finding in contempt is reversed, and the refusal to order conveyance of the wife's interest in the real estate is affirmed.

Reversed in part; affirmed in part.

STATON and ROBERTSON, JJ., concur.