**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THOMAS F. GODFREY**
Gordon A. Etzler & Associates, LLP
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**LYNN HAMMOND**
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LYSA WEFLER, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1206-DR-268 |
| | ) | |
| MARK WEFLER, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE LAKE CIRCUIT COURT
The Honorable George C. Paras, Judge
The Honorable Michael A. Sarafin, Magistrate
Cause No. 45C01-0708-DR-663

**August 26, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

Lysa Wefler ("Lysa") appeals the trial court's finding of contempt for violating the settlement agreement in the dissolution of her marriage to Mark Wefler ("Mark").

We affirm.

## ISSUES

1. Whether the trial court can award a monetary judgment in a contempt proceeding.

2. Whether there was sufficient evidence to support the trial court's contempt order.

## FACTS

Lysa and Mark were married on June 18, 1996. Lysa and Mark separated in 2007, and Lysa filed for divorce. On March 10, 2008, Lysa and Mark entered into a settlement agreement, which provided in relevant part that:

> 11. **Real Estate**. The parties agree that Wife shall be awarded all right, title, and interest in and to the marital home located at 1637 Vine Court in Hobart, Lake County, Indiana. Wife shall be exclusively responsible for the payment of all costs associated with said home including, but not limited to, mortgage, home loans, maintenance and upkeep, insurance, taxes, etc. If Wife is more than forty-five (45) days late on the mortgage payment, the parties agree the house shall be immediately placed on the market for sale.
>
> The parties further agree that Wife shall have four (4) years from the entry of this Order in which to refinance the property and remove Husband's name from the mortgage. The parties also agree that Husband shall equally share with the garage [sic] door replacement expenses; however, his share shall not exceed Two Hundred Fifty ($250.00) Dollars.

(Lysa's App. 4-5). The trial court accepted the settlement agreement and entered an order dissolving the marriage on April 11, 2008.

2

On April 20, 2011, Mark filed a petition to hold Lysa in contempt for not complying with the settlement agreement. In the relevant parts of his petition, Mark alleged that Lysa did not make full monthly mortgage payments, thereby increasing the amount owed to the mortgage company. On February 8, 2012, the trial court entered an order finding Lysa in contempt and entering a judgment in favor of Mark for $8,571.87. Lysa filed a motion to correct error, essentially alleging that Mark suffered no damages that would require a monetary judgment and that the trial court erred in releasing an escrow check to Mark. The trial court denied the motion.

<u>DECISION</u>

Lysa argues that the trial court could not enforce a monetary judgment in the contempt proceedings and that the evidence was insufficient to support a finding of contempt and an award of damages. We address these issues separately.

1. <u>Monetary Judgment in Contempt Proceeding</u>

Lysa argues that the trial court improperly enforced a monetary judgment through contempt proceedings. She relies on our decisions in *Coleman v. Coleman*, 539 N.E.2d 34 (Ind. Ct. App. 1989) and *Dawson v. Dawson*, 800 N.E.2d 1000 (Ind. Ct. App. 2003). In those cases, we held that monetary judgments were enforceable through execution instead of contempt proceedings. *Coleman*, 539 N.E.2d at 34; *Dawson*, 800 N.E.2d at 1003. Here, the trial court did not attempt to enforce a judgment in the contempt proceedings. Rather, the trial court found Lysa in contempt and awarded damages in the form of a judgment to compensate Mark for his alleged loss. "Once a party has been found in contempt, monetary damages may be awarded to compensate the other party for

3

injuries incurred as a result of the contempt." *Cowart v. White*, 711 N.E.2d 523, 531 (Ind. 1999). Thus, the trial court could issue a monetary judgment in this circumstance.

2. Sufficiency of Evidence for Contempt Finding and Monetary Judgment

Lysa further argues that, even if the trial court could issue a monetary judgment as part of a contempt order, there was insufficient evidence to support the trial court's decision.

"Contempt is for the benefit of the party who has been injured or damaged by the failure of another to conform to a court order issued for the private benefit of the aggrieved party." *Id*. at 530. Whether a party is in contempt is left to the discretion of the trial court. *Mitchell v. Mitchell*, 871 N.E.2d 390, 394 (Ind. Ct. App. 2007). An abuse of discretion occurs when the trial court's decision is against the logic and effect of the facts and circumstances before the court. *Id*. "As with other sufficiency matters, when reviewing a trial court's determination on contempt matters, we will neither reweigh evidence nor judge witness credibility." *Id.* "We will affirm unless, after a review of the entire record, we have a firm and definite belief that a mistake has been made." *Id*. Our Indiana Supreme Court has stated that "[w]hen the sufficiency of the evidence is challenged, the burden is upon the defendant to convince the reviewing court that the evidence is insufficient." *Cato v. State*, 396 N.E.2d 119, 121 (Ind. 1979); It is not appropriate for a reviewing court to reach a conclusion or make assumptions about evidence heard by a fact-finder that were not included in the record on appeal. *Id*. This position is not limited to criminal cases. In *Sears, Roebuck & Co. (Auto Dept.) v. Roque*, 414 N.E.2d 317, 322 (Ind. Ct. App. 1980), this Court stated that "[w]e agree that the

4

sufficiency of the evidence cannot be examined on appeal without presenting all of the evidence that may have been taken into consideration by the trial court."

Here, the only substantive evidence for our consideration is the transcript from the motion to correct error hearing. The trial court makes mention of evidence that it considered in finding Lysa in contempt; none of that evidence was provided in the record on appeal. Pursuant to Indiana Appellate Rule 9(F)(5), a Notice of Appeal shall designate "all portions of the Transcript necessary to present fairly and decide the issues on appeal." App. R. 9(F)(5) further states that, "[i]f the appellant intends to urge on appeal that a finding of fact or conclusion thereon is unsupported by the evidence or is contrary to the evidence, the Notice of Appeal shall request a Transcript of all the evidence." "'Although not fatal to the appeal, failure to include a transcript works as a waiver of any specifications of error which depend upon evidence.'" *In re Walker*, 665 N.E.2d 586, 588 (Ind. 1996) (quoting *Campbell v. Criterion Grp.*, 605 N.E.2d 150, 160 (Ind. 1992)). Accordingly, Lysa's argument as to the sufficiency of the evidence to support the trial court's contempt finding and award of damages is waived.

Affirmed.

VAIDIK, J., and KIRSCH, J., concur.